IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JULY 1997 SESSION



FILED

August 19, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. No. 02C01-9610-CR-00321 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. L. T. LAFFERTY, |
| | ) | JUDGE |
| KERWIN L. WALTON, | ) | |
| | ) | (Sentencing-Reckless Homicide) |
| Appellant. | ) | |

**FOR THE APPELLANT:**

**A. C. WHARTON**
**(of counsel on appeal)**
Shelby County Public Defender

**W. MARK WARD**
**(on appeal)**
Assistant Public Defender
147 Jefferson, Ste. 900
Memphis, Tennessee 38103

**BETTY THOMAS**
**(at trial)**
Assistant Public Defender
Shelby County Public Defender's Office
201 Poplar Ave. - Second Floor
Memphis, Tennessee 38103

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General & Reporter

**JANIS L. TURNER**
Assistant Attorney General
450 James Robertson Parkway
Nashville, Tennessee 37243-0493

**WILLIAM L. GIBBONS**
District Attorney General

**KEVIN RARDIN**
**KAREN COOK**
Assistant District Attorneys General
201 Poplar Ave. Ste. 301
Memphis, Tennessee 38103-1947

OPINION FILED: _____

AFFIRMED

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The defendant, Kerwin L. Walton, appeals as of right from the sentence imposed by the Shelby County Criminal Court. He was convicted of reckless homicide, a Class D felony. As a Range I, Standard Offender, the trial court sentenced the defendant to four (4) years incarceration, to run consecutively to a twenty-five (25) year sentence for aggravated arson arising out of the same incident. In challenging the sentence for reckless homicide, defendant presents two (2) issues for review: (1) whether the trial court imposed an excessive sentence by relying upon non-statutory enhancement factors; and (2) whether the trial court erred by ordering his sentence to be served consecutively. The judgment of the trial court is AFFIRMED.

## FACTS

The tragic facts of this case involve the death of an infant, thirteen (13) months of age, as a result of blunt trauma to the stomach. Briefly, the evidence at trial established that at the time of the offense the defendant was the boyfriend of the victim's mother. The night the victim died, the mother had left the child under the supervision of the defendant. The infant would not stop crying and the defendant struck him in the stomach, ultimately causing his death. Defendant set the house on fire in an effort to conceal the death. He was subsequently charged with aggravated arson and murder in the first degree based on aggravated child abuse.

The defendant was convicted of aggravated arson and received a twenty-five (25) year sentence.[1] In a separate trial, the defendant was convicted of reckless homicide. He received four (4) years incarceration to be served consecutively to the aggravated arson sentence, an effective sentence of twenty-nine (29) years.

At the sentencing hearing, the trial court enhanced the defendant's sentence based on the following factors: (1) the victim was particularly vulnerable because of age;

---

[1] The conviction and sentence in the aggravated arson case are not at issue in the present appeal.

(2) the defendant was on misdemeanor probation at the time of the offense; and (3) there was an abuse of the corpse to conceal the homicide. Finding no applicable mitigating factors, the court imposed the maximum four (4) year sentence. The court noted that the defendant was a risk to society and was a dangerous offender; therefore the trial court ordered the sentence to be served consecutively to the aggravated arson sentence.

## I. Excessive Sentence

The defendant argues that the trial court imposed an excessive sentence by improperly relying upon non-statutory enhancement factors.

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. See State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn.

Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 240 (Tenn. 1986); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); see Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

The defendant was convicted of reckless homicide, a Class D felony. The sentence range for a Range I, Standard Offender, is two (2) to four (4) years. The trial court enhanced defendant's sentence based on one (1) statutory enhancement factor, the victim was particularly vulnerable because of age, and two (2) non-statutory enhancement factors, that the defendant was on misdemeanor probation and abuse of the corpse. The court found no mitigating factors and imposed the maximum sentence within the range.

The state concedes and we agree that the trial court erroneously relied upon the above two non-statutory enhancement factors. See State v. Strickland, 885 S.W.2d 85 (Tenn. Crim. App. 1993). Upon our *de novo* review, however, we find the record establishes that the victim was treated with exceptional cruelty. Tenn. Code Ann. § 40-35-114(5). According to the medical examiner, the victim was left to suffer "the most painful injury a human body can suffer" for a period up to six (6) hours. During this time, the defendant did not seek medical assistance and chose to socialize with friends. Based upon the enhancement factors and the absence of any mitigating factors, the maximum sentence of four (4) years is clearly justified.

## II. Consecutive Sentencing

The defendant argues the trial court erred in ordering a consecutive sentence. Specifically, he contends that he is not a dangerous offender and that the trial court failed to consider all of the applicable criteria as required by State v. Wilkerson, 905 S.W.2d 933 (Tenn. 1995).

Consecutive sentencing is governed by Tenn. Code Ann. § 40-35-115. The trial court may order sentences to run consecutively if it finds by a preponderance of the evidence that one or more of the required statutory criteria exist. State v. Black, 924 S.W.2d 912, 917 (Tenn. Crim. App. 1995). Furthermore, the court is required to determine whether the consecutive sentences (1) are reasonably related to the severity of the offenses committed; (2) serve to protect the public from further criminal conduct by the offender; and (3) are congruent with general principles of sentencing. State v. Wilkerson, 905 S.W.2d at 939.

The trial court specifically found the defendant to be a dangerous offender under Tenn. Code Ann. § 40-35-115(b)(4). We agree, especially since other persons besides the victim were put at great risk by setting fire to the residence. Furthermore, consecutive sentencing is appropriate since the defendant was on probation at the time of the instant offense. Tenn. Code Ann. § 40-35-115(b)(6). The trial court found defendant to be a "risk to society" which, in essence, is a finding that consecutive sentencing is necessary to protect the public from further criminal acts by the defendant. Our *de novo* review also indicates that the consecutive sentence is reasonably related to the severity of the offenses. An effective sentence of twenty-nine (29) years for aggravated arson and reckless homicide is also congruent with the general principles of sentencing. Accordingly, the consecutive sentences were properly imposed by the trial court.

The judgment of the trial court is AFFIRMED.

_____

5

JOE G. RILEY, JUDGE

CONCUR:

_____
JOE B. JONES, PRESIDING JUDGE

_____
DAVID H. WELLES, JUDGE