IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MAY 1999 SESSION

FILED

July 13, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9810-CC-00321 |
| Appellee, | ) | |
| | ) | HARDIN COUNTY |
| VS. | ) | |
| | ) | HON. C. CREED McGINLEY, |
| RUSSELL LANE OVERBY, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Rape) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**GUY WILKINSON**                          **PAUL G. SUMMERS**
District Public Defender                  Attorney General & Reporter


**RICHARD W. DeBERRY**                     **R. STEPHEN JOBE**
Asst. District Public Defender            Asst. Attorney General
117 Forrest Ave., North                   Cordell Hull Bldg., 2nd Fl.
Camden, TN  38320                         425 Fifth Ave., North
     (On Appeal)                          Nashville, TN  37243-0493


**JAMES BROCKMAN**                         **ROBERT RADFORD**
P.O. Box 25                               District Attorney General
Parsons, TN  38363
     (At Trial)                           **JOHN OVERTON**
                                          Asst. District Attorney General
                                          P.O. Box 484
                                          Savannah, TN  38372


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was found guilty by a jury of rape and sentenced to a term of twelve years to be served in the Tennessee Department of Correction. The defendant's subsequent motion for a new trial was denied by the trial court. The defendant now appeals and presents the following issues for our review:

> 1. Whether the evidence is sufficient to support the defendant's conviction for rape;
>
> 2. Whether the trial court properly applied enhancement factors in sentencing the defendant;
>
> 3. Whether the defendant "was denied the right to adequately defend himself, because trial counsel did not adequately question the defendant at trial";
>
> 4. Whether the State prevented the defendant from completing his testimony at trial; and
>
> 5. Whether the trial court erred in admitting hearsay testimony from Jennifer Nelson, a witness for the State.

At trial, the victim, the defendant's fourteen-year-old stepdaughter, testified that the defendant had vaginally penetrated her with his penis. According to the victim, this type of behavior had occurred on more than one occasion while her mother was away from home. The victim described the circumstances surrounding the last incident of this kind. The victim testified that she went to her bedroom and laid down on the bed. The defendant entered the room, touched her breasts, and kissed her face. The defendant then touched her with his "private parts." According to the victim, the defendant penetrated her vagina with his penis. After the defendant "was through," the victim took a bath to wash her "private part." Approximately one week later, the Hardin County Sheriff's Department received a call from the victim's school regarding the alleged rape. The victim was subsequently taken to an emergency room where it was

2

determined that her hymen had been ruptured.

The defendant first contends that the evidence is not sufficient to sustain his conviction. A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

3

The defendant contends that the evidence is insufficient to support his conviction based on the following: the victim's brother testified that the victim told him the defendant did not rape her; the victim's brother testified that he did not remember giving a statement to authorities that the victim told him the defendant was abusing her and she needed his help; the defendant's mother testified that she did not know of any time that the defendant was alone with the victim; the defendant's mother testified that the victim did not seem upset; and the defendant's mother further testified that she did not see the defendant act in a questionable way. However, this testimony was heard by the jury. The jury, as is within their province, obviously credited the testimony of the victim over that of the defendant's witnesses. As such, this issue is without merit.

The defendant next challenges the trial court's application of enhancement factor (4), that the victim was particularly vulnerable because of age or physical or mental disability, and enhancement factor (7), that the crime was committed to gratify the defendant's desire for pleasure or excitement. T.C.A. § 40-35-114(4), (7). The defendant does not challenge the trial court's application of enhancement factor (15), that the defendant abused a position of private trust. T.C.A. §40-35-114(15).

When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). We find that in this case the trial judge did consider the sentencing

4

principles and all relevant facts and circumstances.

The Sentencing Reform Act of 1989, codified at T.C.A. § 40-35-210, provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given to each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The defendant first challenges the trial court's application of enhancement factor (4), that the victim was particularly vulnerable because of age or physical or mental disability. T.C.A. § 40-35-114(4). The defendant argues that there is nothing in the record to support the application of this factor. However, the trial court specifically stated that this factor was applicable not only because the victim was thirteen years old at the time of the offense, but also because "it was established by the proof that the mental status of the victim was not that of a regular 13 year old." The victim was enrolled in some type of special education course at the time of the offense and "her IQ was considerably below average." These facts support the trial court's application of this enhancement factor. See State v. John Claude Wells, III, No. 01C01-9505-CR-00146, Davidson County (Tenn. Crim. App. filed June 6, 1997, at Nashville); State v. Clabo, 905 S.W.2d 197, 206 (Tenn. Crim. App. 1995). As such, this contention is without merit.

The defendant next challenges the trial court's application of enhancement

factor (7), that the offense was committed to gratify a desire for pleasure or excitement. Tenn. Code Ann. § 40-35-114(7). The defendant again states that there is nothing in the record to support the application of this factor. However, the record indicates that the defendant not only vaginally penetrated the victim, he took off "most" of the victim's clothing, undressed himself, touched her breasts, and kissed her face. According to the victim, the defendant "stopped [the rape] when he was through." In light of the foregoing facts, the trial court properly applied this enhancement factor. See State v. Antonio Kendrick, No. 02C01-9604-CR-00121, Shelby County (Tenn. Crim. App. filed November 5, 1997, at Jackson) (holding enhancement factor (7) applicable where the appellant kissed victim's neck, pushed her onto the bed, removed her clothing, told her he wanted to "play with her," and penetrated her until he reached climax); see also Manning v. State, 883 S.W.2d 635, 639-40 (Tenn. Crim. App. 1994) (holding enhancement factor (7) applicable where the appellant fondled and kissed the victim's breasts and made sexually explicit remarks while raping her).[1]

The defendant next contends that his trial counsel was ineffective for failing to adequately question the defendant at trial. Specifically, the defendant argues that his trial counsel did not adequately question him regarding the defenses he wanted to bring out at trial. This issue is waived since the defendant has failed to make appropriate references to the record. Tennessee Court of Criminal Appeals Rule 10(b); State v. Killebrew, 760 S.W.2d 228, 231 (Tenn. Crim. App. 1988); see also T.R.A.P. 27(a)(7) and (g). Absent waiver, this issue still lacks merit.

The findings of fact made by the trial court with regard to a claim of

---

[1] The State contends that enhancement factor (1) was also applicable in the case at bar. T.C.A. § 40-35-114(1). As the defendant was sentenced to the maximum sentence within the applicable range and we find no error in the trial court's sentence, we find no need to address the merits of this contention.

6

ineffective assistance of counsel are binding upon this Court unless the evidence in the record preponderates against these findings. See State v. Anderson, 835 S.W.2d 600, 607 (Tenn. Crim. App. 1992). Questions concerning the credibility of witnesses, the weight and value to be given to their testimony, and factual issues raised by the evidence are resolved by the trial court. Id. This Court must not re-weigh or re-evaluate the evidence or substitute its inferences for those drawn by the trial court. Id. The defendant bears the burden of illustrating that the evidence contained in the record preponderates against the judgment of the trial court. Id.

When reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975). To prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. There must be a reasonable probability that but for counsel's error the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 692, 694 (1984); Best v. State, 708 S.W.2d 421, 422 (Tenn. Crim. App. 1985).

The defendant contends that his trial counsel failed to adequately question him at trial "concerning the defenses he wanted to bring out." These "defenses" consisted of the defendant's allegation that it was his brother-in-law, rather than himself, who raped the victim. At trial, the defendant claimed he found his brother-in-law with the victim and his brother-in-law's hands were in a "very uncompromising position." At the evidentiary hearing conducted in conjunction with the defendant's motion for a new trial, the defendant went into detail about instances in which he caught his brother-in-law with the

7

victim, his brother-in-law admitted he was attracted to the victim, and his brother-in-law confessed to raping the victim. The defendant claimed that at trial his attorney prevented him from testifying about these incidents. James Brockman, the defendant's attorney at trial, also testified at the evidentiary hearing. Mr. Brockman stated that he found nothing during his investigation to substantiate the defendant's claim that his brother-in-law had committed this crime. However, at trial Mr. Brockman did ask the defendant several questions regarding his brother-in-law and the defendant's allegations against him. In fact, Mr. Brockman asked the defendant if "there [was] anything else" with regard to his allegations against his brother-in-law. The defendant replied, "That's pretty much it."

In addressing this claim, the trial court found that Mr. Brockman was "adequately prepared," "engaged in an adequate investigation and full discovery" of the facts, had a "legitimate trial strategy," and "in no way" denied the defendant his right to testify on his own behalf. The defendant has not proven that the evidence preponderates against the trial court's finding that Mr. Brockman did not deny the defendant of the right to testify, nor has the defendant established that he was prejudiced by any alleged error. As such, this issue is without merit.

The defendant next contends that the State did not allow him to adequately testify at trial. This issue is waived for failure to present the facts relevant to the issue, failure to set forth an argument as to the issue, and failure to make reference to the record in support of the defendant's argument. T.R.A.P. 27(a)(7); Tennessee Court of Criminal Appeals Rule 10(b). Absent waiver, this issue still lacks merit because there are no facts in the record to support the defendant's contention. In fact, the trial transcript indicates that on several occasions, it was the defendant who interrupted the State during the State's cross-examination. There is no indication in the record that the State ever

interrupted the defendant or kept him from "testifying fully at trial."

The defendant's final contention is that the trial court erred in admitting hearsay testimony from Jennifer Nelson, a witness for the State. Specifically, the defendant argues that no determination was made by the trial court regarding the admissibility of this evidence. The testimony at issue refers to a statement made by the victim to Ms. Nelson, the nurse who treated the victim at the emergency room. However, the defendant failed to object to such testimony at trial. The failure of defense counsel to make a contemporaneous objection waives consideration by this Court of the issue on appeal. See Teague v. State, 772 S.W.2d 915, 926 (Tenn. Crim. App. 1988) (overruled on other grounds); Killebrew, 760 S.W.2d at 235; T.R.A.P. 36(a). In addition, the testimony at issue is practically identical to the testimony of Dr. Gigi Davis, the victim's treating physician at the emergency room. The defendant has made no argument against the admission of Dr. Davis' testimony. As such, any alleged error in the admission of Ms. Nelson's testimony does not appear to have affirmatively affected the result of the trial and therefore was harmless. Tenn. R. Crim. P. 52(a).

Accordingly, we find no merit to the defendant's contentions and thus affirm the judgment of the trial court.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
JOE G. RILEY, Judge

9

_____
THOMAS T. WOODALL, Judge