Clifford Lee MANNING, a/k/a Clifford Allen Manning, Appellant,

v.

STATE of Tennessee, Appellee.

STATE of Tennessee, Appellee,

v.

Clifford Lee MANNING, a/k/a Clifford Allen Manning, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 3, 1994.

John G. Oliva, Nashville, for appellant.

Charles W. Burson, Atty. Gen. & Reporter, Christina S. Shevalier, Asst. Atty. Gen., Victor S. Johnson, III, Dist. Atty. Gen., Roger Moore, Asst. Dist. Atty. Gen., Nashville, for appellee.

## *OPINION*

PEAY, Judge.

The appellant pled guilty to four counts of aggravated rape, one count of armed robbery, and one count of aggravated kidnapping. For these convictions the petitioner received a two hundred and twenty year sentence as a Range II offender. No appeal was taken by the appellant or his attorney. The appellant filed a pro se post-conviction petition which was later amended by appointed counsel. An evidentiary hearing was held, and the trial court dismissed the appellant's post-conviction petition as to ineffective assistance of counsel, but granted a delayed appeal of the appellant's sentence.

On appeal the appellant presents two issues for review. He first contends that the trial court improperly dismissed his post-conviction petition which alleged ineffective assistance of counsel. Secondly he alleges that the trial court imposed an inappropriate sentence. After reviewing the record, we affirm the lower court's findings as to the issue of ineffective assistance of counsel. On the appeal of his sentence, however, we remand for resentencing in compliance with the recent Tennessee Supreme Court case of *State v. Pearson*, 858 S.W.2d 879 (Tenn. 1993).

■ In his first issue the appellant asserts that he "did not comprehend his rights and felt compelled to enter the guilty pleas because of his perceptions of his counsel's deficient performances up to that point." Specifically, he claims that because trial counsel, on the day of trial, commented that his thirteen-year-old daughter could try the case, he felt that his counsel had not adequately prepared and he, therefore, did not have a chance to prevail. He further alleges that counsel did not subpoena reported alibi witnesses, that counsel only visited him once before trial, and that he had requested a speedy trial but counsel had ignored this request.

The appellant also claims that because of what he had been told by counsel, he believed that the trial court would only sentence him to twenty years, irrespective of the fact that he was pleading guilty to all six counts. He claims that the plea petition that he signed did not contain handwritten information pertaining to the potential sentence.

Proof set forth at the hearing resulted in the trial court's finding that counsel's preparation had been adequate. Moreover, noting that counsel had testified that he had read the completed guilty plea petition to the appellant and that the appellant had given every indication that he understood it, the trial court found that the State's case against the appellant was "extraordinarily strong" and that the appellant had understood his situation, his options, and his rights and had made a knowing and voluntary decision to enter the guilty pleas.

■ "In post-conviction relief proceedings the petitioner has the burden of proving the allegations in his [or her] petition by a preponderance of the evidence." *McBee v. State*, 655 S.W.2d 191, 195 (Tenn.Crim.App. 1983). In addition, the factual findings of the trial court in post-conviction hearings "are conclusive on appeal unless the evidence preponderates against the judgment." *State v. Buford*, 666 S.W.2d 473, 475 (Tenn.Crim.App. 1983).

■ After reviewing the petitioner's Sixth Amendment claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn.1975). In order to prevail on a claim of ineffective counsel, a petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that this performance prejudiced the defense. To satisfy the requirement of prejudice, he would have had to demonstrate a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *See Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985); *Bankston v. State*, 815 S.W.2d 213, 215 (Tenn. Crim.App.1991).

Having reviewed the evidence presented at the hearing, we find that such evidence fully supports the findings of the trial court and does not preponderate against the lower

court's judgment. The dismissal of the post-conviction petition is, therefore, affirmed.

The appellant, in his delayed appeal, submits that the trial court erred in sentencing him to the maximum penalty available at law. After reviewing the record in this cause, we remand this matter for resentencing.

 The portion of the Sentencing Reform Act of 1989 codified at T.C.A. § 40–35–210 established a number of specific procedures to be followed in sentencing. This section mandates the court's consideration of the following:

(1) The evidence, if any, received at the trial and the sentencing hearing; (2) The presentence report; (3) The principles of sentencing and arguments as to sentencing alternatives; (4) The nature and characteristics of the criminal conduct involved; (5) Evidence and information offered by the parties on the enhancement and mitigating factors in §§ 40–35–113 and 40–35–114; and (6) Any statement the defendant wishes to make in his own behalf about sentencing.

In addition, this section provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range.

The Act further provides that "[w]henever the court imposes a sentence, it *shall place on the record* either orally or in writing, what enhancement or mitigating factors it found, if any, as well as findings of fact as required by § 40–35–209." (emphasis added) T.C.A. § 40–35–210(f). Because of the importance of enhancing and mitigating factors under the sentencing guidelines, even the absence of these factors must be recorded if none are found. T.C.A. § 40–35–210 comment.

These findings by the trial judge must be recorded in order to allow an adequate review on appeal.

T.C.A. § 40–35–117(b) states that "[u]nless prohibited by the United States or Tennessee Constitution, any person sentenced on or after November 1, 1989, for an offense committed between July 1, 1982[,] and November 1, 1989, shall be sentenced under the provisions of this chapter." The offenses in question occurred after July 1, 1982, with sentencing on December 17, 1991. T.C.A. § 40–35–401(d) provides that appellate review of the sentence is de novo with a presumption of correctness.[1]

However, our Supreme Court has recently ruled that in determining the sentence for a defendant committing an offense prior to November 1, 1989, but sentenced after that date, the trial court must calculate the proper sentence under the new act and also under the old. To avoid an ex post facto violation, the trial court must then impose the least severe sentence. *Pearson,* 858 S.W.2d at 884.

With these considerations .we review the appellant's sentencing claims. He contends that the trial court applied the wrong set of enhancement factors to determine the sentence, that some of the enhancing factors were erroneously applied in that they were essential elements of the offense, and that the trial court should not have imposed consecutive sentences on all counts.

 In the present case the record does not indicate that the trial court considered both sentencing statutes in their entirety. The State attempts to argue that any error was harmless since the minimum sentence under the 1982 Act was higher than the maximum sentence under the 1989 Act. However, without calculating the appellant's sentence separately under both Acts, it is unclear how the different enhancement and mitigating factors might have been applied.[2] Because the record fails to show that the

---

1. Tennessee does not consider legislative changes in the standard of review as ex post facto law. *State v. Ashby,* 823 S.W.2d 166, 167 (Tenn.1991).

2. The State concedes that enhancement factor 12 was improperly applied.

trial court followed the mandate in *Pearson,* we remand this cause for resentencing.

We now consider the appellant's other sentencing issues since we believe resolution of these issues will assist the trial court in resentencing the petitioner.

The appellant asserts that three of the enhancement factors were improperly applied. At the sentencing hearing, the trial court applied the following enhancement factors:

> [T]he first one, previous history of criminal convictions; the fifth one, the victim was treated with exceptional cruelty; the sixth one, from the emotional standpoint, the personal injuries were particularly great and permanent; the seventh one, the offense was committed to gratify the defendant's desire for pleasure and excitement; the eighth one, there is a previous history of unwillingness to comply with conditions of release. And that really going alone [sic] with the thirteenth one, his parole status at the time these offenses were committed. The ninth one is applicable, but it is an element, and has not been doubly applied. The tenth one, no hesitation in committing a crime when the risk to human life was high; the eleventh one, just the statutory factor; the twelfth, the statutory factor; the thirteenth has already been mentioned; the sixteenth, the statutory factor. These factors apply to each and every one of these crimes. They were committed under circumstances under which the potential for bodily injury to a victim was great. That is how the number of years within the range was determined.

According to the appellant, the trial court should not have considered the following three enhancement factors:

> (5) The defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense;
>
> (7) The offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement;

(10) The defendant had no hesitation about committing a crime when the risk to human life was high.

T.C.A. §§ 40–35–114(5), (7), (10) (1989 Supp.).[3]

▮ As to enhancement factor (5), the appellant argues that while all crimes of violence are cruel, the standard is whether this particular victim was treated with "exceptional cruelty." Here, the appellant abducted the victim in broad daylight and forced her to participate in four separate sexual acts while holding a knife to her side. The victim was then allowed to only partially dress so that she could drive the appellant to the bank. During the entire episode the appellant used abusive language and made several threats to the victim.

We hold that the facts of this case do not support a finding of exceptional cruelty. While there is no doubt that the actions of the appellant were cruel, most of the facts relied upon in applying this enhancement factor to the appellant are the very facts which made these crimes aggravated under the law. *Cf. State v. Davis,* 825 S.W.2d 109, 113 (Tenn.Crim.App.1991); *State v. Glenn Pardue,* No. 01C01–9302–CC–00048, 1993 WL 366548 Montgomery County (Tenn.Crim. App. filed September 16, 1993, at Nashville). Therefore, in resentencing the appellant, this enhancement factor should not be considered.

▮ The appellant also argues that enhancement factors (7) and (10) were inappropriately applied because they constitute elements of the offenses. We disagree.

The Supreme Court has recently ruled that in sexual offenses "[p]leasure or excitement is not an essential element of the offense and, therefore, may be considered as an appropriate enhancement." *State v. Brian Kelly Adams,* 864 S.W.2d 31 (Tenn.1993). However, the Court also determined that the State has the burden of demonstrating that the rape was sexually motivated. *Adams,* 864 S.W.2d at 35.

---

**3.** We note that enhancement factors 11 through 16 were added by the Sentencing Reform Act of 1989 and, therefore, may not be employed in calculating the sentence under the previous law.

■ The record reflects that in the victim's statement she related that during the rape the appellant had fondled and kissed her breasts. She stated that amid other sexually explicit remarks he had repeatedly told her to "do it like you do it to your man." The proof would indicate that the rape was sexually motivated and committed for the purpose of pleasure and excitement, and therefore the enhancement factor was properly applied to the aggravated kidnapping and aggravated rape convictions. We do not, however, find that the record supports application of this enhancement factor in the armed robbery conviction.

■ The appellant also argues that enhancement factor (10), no hesitation about committing a crime when the risk to human life was high, is an element of the offenses. Essentially, the appellant submits that this factor is the equivalent of employing a deadly weapon, which is the element that made each of the offenses aggravated.

The statute under which the appellant was convicted of armed robbery requires that the criminal activity be "accomplished by the use of a deadly weapon." T.C.A. § 39–2–501 (1982). We agree, in consideration of the language of the statute, that this enhancement factor is inapplicable in that it has already been employed as an element of this offense.

■ However, the statutes under which the appellant was convicted of aggravated kidnapping and aggravated rape require that the defendant only be "armed with a deadly weapon." T.C.A. §§ 39–2–301(a)(D) (Supp. 1988), 39–2–603(a)(1) (Supp.1988). These statutes do not require that the weapon be actually employed in the commission of the offense.

The record indicates that the appellant pressed the knife into the victim's side throughout the criminal episode. We therefore find that the use of the weapon in this case involves a greater risk of harm than that required by the standards of the aggravated offenses. We find that some weight can be given to this factor as to the rape and kidnapping convictions.

■ Finally, the appellant contends that the trial court erred by imposing consecutive sentences on all six counts. Finding that the trial court's ruling is supported by the record, we affirm the imposition of consecutive sentences.

At the sentencing hearing the trial court stated:

> The consecutive sentencing is based on a finding in accordance with the statutory factors and the case law that actually precedes the present statute.

> The defendant is a persistent and multiple offender, and most significantly, is a dangerous offender, and consecutive sentences are not only appropriate but essential to protect society.

In our review, we must first note that T.C.A. § 40–35–115, the 1989 statute authorizing consecutive sentencing, does not include "persistent and multiple offender" language. However, T.C.A. § 40–35–115(b)(2) provides for consecutive sentencing where the "defendant is an offender whose record of criminal activity is extensive." We believe the record supports a finding that the appellant has a record of extensive criminal activity. According to the proof presented at the sentencing hearing, the appellant has prior convictions for concealing stolen property valued at less than two hundred dollars ($200), robbery with a deadly weapon, aggravated sexual battery, and simple robbery. Charges of escape and parole violation were pending against the appellant at the time of the trial. This proof is sufficient to support a finding that the appellant's criminal activity has been extensive.

The trial court also held that the appellant, pursuant to T.C.A. § 40–35–115(b)(4), was "a dangerous offender whose behavior indicates little or no regard for human life, and no hesitation about committing a crime in which the risk to human life is high." In *State v. Woods*, 814 S.W.2d 378, 380 (Tenn.Crim.App. 1991), this Court listed four criteria which must be met in order for a defendant to be considered a dangerous offender:

> (a) the defendant's behavior indicates "little or no regard for human life," and he did not hesitate "about committing a crime in

which the risk to human life is high," Tenn. Code.Ann. § 40–35–115(b)(4) (Supp.1989); (b) the circumstances surrounding the commission of the offense are aggravated, *Gray v. State,* 538 S.W.2d [391] 393 (1976); (c) confinement for an extended period of time is necessary to protect society from the defendant's unwillingness to "lead a productive life and [his] resort to criminal activity in furtherance of [his] anti-societal lifestyle," *Gray v. State,* 538 S.W.2d at 393; and

(d) the aggregate length of the sentences, if consecutive sentencing is ordered, reasonably relates to the offense of which the defendant stands convicted. *State v. Taylor,* 739 S.W.2d [227] 230 (1987).

Even if the record before the Court does not support a finding that all of the criteria in *Woods* have been met, under T.C.A. § 40–35–115 it is only necessary that the trial court find one of the criteria set forth in subsection (b) to order consecutive sentences. Since we agree that the appellant has an extensive criminal record, we affirm the trial court's imposition of consecutive sentences.

Accordingly, we remand this cause for re-sentencing in conformity with this opinion.

TIPTON, J., and JAMES C. BEASLEY, Special Judge, concur.