**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

MARCH 1997 SESSION

**FILED**

**June 10, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JOHNNY PERRY,** | ) | |
| | ) | |
| Appellant, | ) | C.C.A. No. 02C01-9605-CR-00160 |
| | ) | |
| vs. | ) | Shelby County |
| | ) | |
| **STATE OF TENNESSEE,** | ) | Honorable  L.T. Lafferty, Judge |
| | ) | |
| Appellee. | ) | (Post-Conviction) |
| | ) | |

FOR THE APPELLANT:

A.C. WHARTON, JR.
Public Defender

WALKER GWINN (appeal)
Assistant Public Defender

KEVIN CHILDRESS (hearing)
Assistant Public Defender
201 Poplar, Second Floor
Memphis, TN  38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

M. ALLISON THOMPSON
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

JOHN PIEROTTI
District Attorney General

KAREN COOK
Asst. District Attorney General
201 Poplar, Third Floor
Memphis, TN  38301

OPINION FILED: _____

**AFFIRMED**
**PURSUANT TO RULE 20**

CURWOOD WITT
JUDGE

# OPINION

The petitioner, Johnny Perry, appeals the Shelby County Criminal Court's denial of post-conviction relief. The petitioner is presently serving a 15-year sentence in the Tennessee Department of Correction for his 1992 conviction of second degree murder. That conviction was affirmed by this court in 1994. State v. Johnny Perry, No. 02C01-9307-CR-00149 (Tenn. Crim. App., Jackson, Sept. 28, 1994), perm. app. denied (Tenn. 1995). In his post-conviction petition, the petitioner alleged he was denied the effective assistance of counsel in this prosecution. In a thoughtful and well-reasoned opinion, Judge L.T. Lafferty dismissed the petitioner's post-conviction claim after counsel was appointed and a hearing was held, finding the petitioner failed to carry his burden of proving his trial counsel's alleged ineffectiveness. On appeal, the petitioner contends the trial court erred in this determination. Following a thorough review of the record, we affirm the judgment of the lower court pursuant to Rule 20 of the rules of this court.

At the hearing, the petitioner testified on his own behalf. Thomas Buford, the petitioner's trial counsel, and James M. Lammey, Jr., the assistant district attorney general who prosecuted the petitioner's second degree murder case, testified for the state. The testimony of the petitioner, on one hand, and Messrs. Buford and Lammey, on the other hand, differed substantially. The trial court's findings reflect conclusions that the testimony of trial counsel and the prosecutor was believed over the testimony of the petitioner, and there was no constitutional deficiency in the assistance provided by trial counsel. The evidence certainly does not preponderate against the lower court's finding. See Manning v. State, 883 S.W.2d 635, 637 (Tenn. Crim. App. 1994). Likewise, we find no error of law in the lower court's determination.

Accordingly, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

_____
CURWOOD WITT, JUDGE


CONCUR:


_____
JOSEPH B. JONES, PRESIDING JUDGE


_____
GARY R. WADE, JUDGE