# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1999 SESSION



FILED

January 22, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | NO. 02C01-9808-CC-00257 |
| Appellee, | ) | |
| | ) | WEAKLEY COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM B. ACREE, JR., |
| ANTHONY E. BRASFIELD, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Burglary, Escape and |
| | ) | Criminal Trespass) |

**FOR THE APPELLANT:**

**CLIFFORD K. McGOWN, JR.**
113 North Court Square
P.O. Box 26
Waverly, TN 37185-0026
(On Appeal)

**JOSEPH P. ATNIP**
District Public Defender
111 Main Street
P.O. Box 734
Dresden, TN 38225
(At Trial)

**FOR THE APPELLEE:**

**PAUL G. SUMMERS**
Attorney General and Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**THOMAS A. THOMAS**
District Attorney General

**JAMES D. KENDALL**
Assistant District Attorney General
121 West Main Street
Dresden, TN 38225-0218

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

A Weakley County jury convicted defendant of aggravated burglary, a Class C felony; criminal trespass, a Class C misdemeanor; and escape, a Class E felony. The trial court sentenced defendant as a Range III persistent offender on the aggravated burglary and escape convictions, for which he received consecutive sentences of fourteen years and six years, respectively. For criminal trespass he received a concurrent thirty-day sentence. In this appeal as of right, defendant raises two issues:

> (1) whether the evidence was sufficient to convict defendant of aggravated burglary; and

> (2) whether the effective twenty-year sentence is excessive.

This Court concludes the evidence was sufficient, and the sentences were proper. The judgments and sentences imposed by the trial court are AFFIRMED.

**FACTS**

On August 1, 1997, Christie Sanders heard a noise from the enclosed back porch area of her home and went to investigate. When she turned on the light, she saw a black male inside the room. When he ran out, Sanders saw him get into a "small, red, boxy-type car. . .with backup lights in the middle" that was parked at the apartments next door. The car was identified as belonging to defendant.

Defendant had recently been released from the penitentiary, so as part of the investigation, Captain David Moore questioned defendant about his whereabouts that evening. Defendant denied any involvement in the incident.

On November 29, 1997, around 4:45 a.m., Officer Doug Hollingsworth spotted defendant's red car at the apartments next door to Christie Sanders' residence. As a result, Officer Stacy Bostwick was sent to patrol the neighborhood. While on patrol, Bostwick heard a noise coming from Dr. Victor Depta's house. He shined his flashlight and saw the defendant jump off Depta's back porch. Bostwick arrested defendant for trespass and advised him of his <u>Miranda</u> rights.

At approximately 6:00 a.m., Christie Sanders called the police to report that

2

the red car involved in the incident at her home in August was again parked at the apartments next door. The police advised her that someone was already in custody.

At the police station, defendant asked to speak with Captain David Moore who had questioned him in August regarding the incident at Christie Sanders' home. When Moore got to the station, he again advised defendant of his rights. Defendant signed a rights waiver and gave Captain Moore a statement in which he admitted to the trespass on Depta's property and the earlier aggravated burglary of Sanders' home. The statement also explained that defendant's reason for prowling was to find money.

While being booked into the Weakley County jail for trespass and aggravated burglary, defendant asked to place a phone call. Jailer, Eric Gordon, removed defendant's handcuffs to allow him to do so. While making the call, defendant threw down the phone and ran out of the Sheriff's office. Several officers pursued defendant on foot; he was captured about ten minutes later.

## SUFFICIENCY OF THE EVIDENCE

Defendant avers the evidence was insufficient to support a finding of guilt on the aggravated burglary charge. To support this claim he points only to his own trial testimony.

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. *See* State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). A jury verdict approved by the trial judge accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). On appeal, the state is entitled to the strongest legitimate view of the evidence and all legitimate or reasonable inferences which may be drawn therefrom. *Id.* This court will not disturb a verdict of guilt due to the sufficiency of the evidence unless the defendant demonstrates that the facts contained in the record and the inferences which may be drawn therefrom are insufficient, as a matter of law, for a rational trier of fact to

3

find the accused guilty beyond a reasonable doubt. State v. Brewer, 932 S.W.2d 1, 19 (Tenn. Crim. App. 1996). Accordingly, it is the appellate court's duty to affirm the conviction if the evidence, viewed under these standards, was sufficient for any rational trier of fact to have found the essential elements of the offense beyond a reasonable doubt. Tenn. R. App. P. 13(e); Jackson v. Virginia, 443 U.S. 307, 317, 99 S.Ct. 2781, 61 L.Ed.2d 560, 572 (1979); State v. Cazes, 875 S.W.2d 253, 259 (Tenn. 1994).

Captain Moore testified that defendant admitted his presence in the utility room of Christie Sanders' home for the purpose of finding money. Defendant's trial testimony contradicted this statement. The jury disbelieved defendant's trial testimony. This was the jury's prerogative. Defendant's testimony, standing alone, is insufficient to overcome the presumption of guilt established by the jury verdict.

The evidence was sufficient to find defendant guilty of aggravated burglary. This issue is without merit.


**SENTENCING**

The trial court sentenced defendant as a Range III persistent offender to fourteen years for the aggravated burglary and six years for the felony escape. The trial court ordered them to run consecutively. A thirty-day sentence for criminal trespass was run concurrently with these sentences. Defendant does not challenge his persistent offender status, nor the imposition of thirty days for trespass. He does assert that the effective twenty-year sentence for the felony convictions is excessive. Therefore, our review will focus solely on those sentences.

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments.

4

To create the presumption of correctness, the trial court is required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If mitigating or enhancement factors exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); see State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

The state established five prior felony and five prior misdemeanor convictions. Furthermore, defendant had his probation or parole revoked on two separate occasions. Thus, the trial judge determined that, of the five enhancement factors requested by the state, only two were applicable: defendant had, one, a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range; and two, a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. Tenn. Code Ann. § 40-35-114(1), (8). The defense offered no mitigating factors, and none were found.

As for its determination of the length of the sentences, the trial judge followed the applicable sentencing principles. For the aggravated burglary conviction, he started at the presumptive ten-year sentence, increased it by four due to the enhancement factors and set it at fourteen years. For the escape conviction, he

5

began at the presumptive sentence of four years, increased it by two, and set it at six years.  Since there were no mitigating factors, these sentences were entirely appropriate.

Regarding the consecutive nature of the sentences, the trial judge correctly noted that the escape statute *mandates* that any sentence received for an escape conviction be run consecutively to the underlying offense.  *See* Tenn. Code Ann. § 39-16-605(c).

The trial judge in this case created an excellent sentencing record.  Before handing down the sentences, he reviewed the evidence on the record; enumerated the requirements for determination of the appropriate sentencing range; and recited the sentencing principles and considerations applicable to the case.  The thorough findings and correct application of sentencing principles by the trial judge eliminate the need for any appellate intervention in this case.

This issue has no merit.


**CONCLUSION**

Based upon the foregoing, the judgment of the trial court is AFFIRMED.


_____
**JOE G. RILEY, JUDGE**

6

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**

_____
**JOHN EVERETT WILLIAMS, JUDGE**