IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## STATE OF TENNESSEE v. LAWRENCE E. WHITE

**Direct Appeal from the Criminal Court for Hardin County**
**No. 7828   C. Creed McGinley, Judge**

---

**No. W1999-00735-CCA-R3-CD - Decided June 30, 2000**

---

The defendant appeals his convictions by a Hardin County jury of violating the Habitual Motor Vehicle Offender Act and failing to give immediate notice of an accident. The defendant was classified as a Range II Multiple Offender and sentenced to four years for the habitual motor vehicle offender violation and fined $50.00 for failing to give immediate notice of an accident. The defendant now contends that: 1) the evidence was insufficient for a rational trier of fact to find him guilty of violating the Habitual Motor Vehicle Offender Act; 2) the evidence was insufficient for a rational trier of fact to find him guilty of failing to give immediate notice of an accident; and 3) the trial court erred in determining the length of the defendant's sentence. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

RILEY, J. delivered the opinion of the court, in which TIPTON and GLENN, JJ. joined.

Guy T. Wilkinson, District Public Defender; and Richard W. DeBerry, Assistant District Public Defender, Savannah, Tennessee, for the appellant, Lawrence E. White.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; G. Robert Radford, District Attorney General; and John W. Overton, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

The defendant was declared an habitual motor vehicle offender on November 25, 1987. On March 29, 1999, a witness observed the defendant exiting a vehicle that had just been in an accident. The witness knew the defendant. The defendant was the only person in or around the vehicle at the time of the accident. When asked by the witness if anyone else was in the vehicle, the defendant "shook his head no" while clutching his chest. The defendant then walked off. A Tennessee

Highway Patrol officer arrived at the scene of the accident shortly thereafter. Upon seeing the wrecked vehicle, the officer estimated the damage to be greater than $50.00. The defendant never reported the accident.

The defendant testified at trial that he did not own the vehicle, but had worked on it for the owner. He stated the owner had picked the car up at some time prior to the accident. He testified that he came upon the wrecked vehicle while he was walking, but no one was in the vehicle. The defendant denied being the driver of the vehicle.

Based upon testimony presented at trial, the defendant was convicted by a Hardin County jury of violating the Habitual Motor Vehicle Offender Act and failing to give immediate notice of an accident. The defendant was classified as a Range II Multiple Offender and sentenced to four years for the habitual motor vehicle offender violation and fined $50.00 for failing to give immediate notice of an accident.

This case now comes to this court on direct appeal. The defendant contends that: 1) the evidence was insufficient for a rational trier of fact to find the defendant guilty of violating the Habitual Motor Vehicle Offender Act; 2) the evidence was insufficient for a rational trier of fact to find the defendant guilty of failing to give immediate notice of an accident; and 3) the trial court erred in determining the length of his sentence. We reject the defendant's contentions; therefore, the judgment of the trial court is affirmed.


## ANALYSIS

### (1) Sufficiency of the Evidence

The defendant contends that the evidence is insufficient to support his convictions. Specifically, he contends that the evidence does not prove beyond a reasonable doubt that he was the driver of the car. We disagree.

A.      Standard of Review

Although the evidence of a defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction. State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988). However, for this to occur, the circumstantial evidence must be consistent with guilt of the accused, inconsistent with innocence, and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900.

Great weight is given to the jury verdict in a criminal trial; it accredits the state's witnesses and resolves all conflicts in favor of the state. State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992). Therefore, while following the above guidelines, this court must remember that the jury decides the weight to be given to circumstantial evidence.

"The inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions . . . for the jury." Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958)(citation omitted); *see also* State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993).

B.      Habitual Motor Vehicle Offender Act

The Habitual Motor Vehicle Offender Act states that it is unlawful for any person who has been declared by the court to be an habitual offender to operate any motor vehicle in this state while the judgment or order of the court prohibiting the operation remains in effect. *See* Tenn. Code Ann. §55-10-616(a).  The record indicates that the defendant was declared an habitual offender on November 25, 1987.  As such, if the jury could properly determine that the defendant was operating the motor vehicle, then the defendant could be found guilty of violating the Habitual Motor Vehicle Offender Act.

The state presented testimony from a witness who arrived at the scene of the accident moments after the accident occurred.  The witness testified that she saw the defendant exiting the vehicle and clutching his chest.  The same witness also testified that she asked the defendant if anyone else was in the vehicle, and the defendant "shook his head no."  Finally, testimony was presented that no other persons were around the vehicle when the witness came upon the scene.  The defendant testified that he was not operating the vehicle and came upon the accident immediately after it occurred.  The jury, however, did not find his testimony to be credible and convicted the defendant. This was the jury's prerogative.  The circumstantial evidence presented was consistent with guilt of the defendant, and a rational trier of fact could have found the defendant guilty of violating the Habitual Motor Vehicle Offender Act. *See* Tenn. R. App. P. 13(e).

C.      Failure to Report an Accident

The law requires the driver of a vehicle who is involved in an accident to immediately give notice under certain circumstances.  Tenn. Code Ann. §55-10-106(a) provides as follows:

> The driver of a vehicle involved in an accident resulting in injury to or death of any person or property damage to an apparent extent of fifty dollars ($50.00) or more shall immediately by the quickest means of communication give notice of such accident to the local police department if such accident occurs within a municipality, otherwise to the office of the county sheriff or the nearest office of the state highway patrol.

For the same reasons stated above, the jury could conclude that the defendant was the driver of the vehicle involved in the accident.  Further, an officer testified that the vehicle had been wrecked and sustained damage in excess of $50.00.  Because the defendant was the driver of a vehicle that was involved in an accident where property damage was $50.00 or more, the defendant was required by statute to give immediate notice of the accident to law enforcement authorities. The defendant failed to give such notice and was not heard from until nearly a week later.  Sufficient

evidence was presented at trial for a rational trier of fact to find the defendant guilty of failing to give immediate notice of an accident pursuant to Tenn. Code Ann. §55-10-106.

(2) Determination of Defendant's Sentence

A.      Standard of Review

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. §40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. §40-35-210(c) provides that the presumptive sentence for most offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. §40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); *see* Tenn. Code Ann. §40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. §40-35-210(d); Lavender, 967 S.W.2d at 806; Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

B.      Length of Sentence

After an examination of the defendant's criminal history, the trial court found that the defendant had been convicted of violating the Habitual Motor Vehicle Offender Act on two prior occasions. Based upon these two prior Class E felony convictions, the proper sentencing range for the defendant was as a Range II Multiple Offender. Tenn. Code Ann. §40-35-106(a)(1). Because the defendant was classified as a Range II Multiple Offender, the proper length of sentencing was from two to four years. Tenn. Code Ann. §40-35-112(b)(5).

In examining the defendant's criminal history, the trial court noted that the defendant had a "significant history of prior misdemeanors and criminal behavior" in addition to his two Class E felonies. *See* Tenn. Code Ann. §40-35-114(1). The record reflects that the defendant had 5 prior convictions for driving under the influence and 7 other misdemeanor convictions. These prior convictions were properly used by the trial court as an enhancing factor.

The trial court rejected as a mitigating factor the defendant's contention that his conduct neither caused nor threatened serious bodily injury. *See* Tenn. Code Ann. §40-35-113(1). The trial

court stated that "the mere fact that the auto accident was a one vehicle collision [does not] mean that it did not pose a serious threat of bodily injury to the general public." An habitual offender with an extensive record of driving related offenses has demonstrated that he is a greater threat than the average driver. State v. Michael Bellew, C.C.A. No. 02C01-9510–CC-00324, Henry County (Tenn. Crim. App. filed February 27,1997, at Jackson). Not only was the defendant driving, but he also wrecked the vehicle. The trial court did not err in giving this factor no weight.

Based upon the defendant's extensive criminal history which exhibits that he is a danger to the public, this court concludes that the trial court's sentence of four years was proper and will not disturb it.

## CONCLUSION

Based upon our review of the trial record, the judgment of the trial court is affirmed.