# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 17, 2002 Session

## STATE OF TENNESSEE v. MATTHEW MELTON JACKSON

**Direct Appeal from the Circuit Court for Robertson County**
**Nos. 01-0022 and 01-0086     Michael R. Jones, Judge**

---

**No. M2001-01999-CCA-R3-CD - Filed February 7, 2003**

---

Defendant, Matthew Melton Jackson, appeals the sentence imposed upon him by the trial court following his guilty plea to aggravated kidnapping, aggravated robbery, theft of property over $500.00 and two counts of aggravated rape. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgments of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT W. WEDEMEYER, JJ., joined.

Roger Eric Nell, District Public Defender; Charles S. Bloodworth, Assistant District Public Defender, Springfield, Tennessee, for the appellant, Matthew Melton Jackson.

Paul G. Summers, Attorney General and Reporter; Christine M. Lapps, Assistant Attorney General; John Wesley Carney, Jr., District Attorney General; and Dent Morriss, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Defendant pleaded guilty to aggravated kidnapping, aggravated robbery, theft of property over $500.00 and two counts of aggravated rape, all five offenses arising out of the same incident. A sentencing hearing was scheduled to determine the length of Defendant's sentences. At the conclusion of the hearing, the trial court found several enhancement factors applicable to each of the offenses.

At the time of the sentencing hearing, there were twenty-two statutory enhancement factors listed in Tennessee Code Annotated section 40-35-114. Subsequently, in Public Acts 2002, ch. 849, § c, the legislature added a twenty-third enhancement factor but listed it as enhancement factor (1) and renumbered previous factors (1) through (22) as (2) through (23). *See* Tenn. Code Ann. § 40-35-114 (2001 Supp.). In this opinion, we will refer to the enhancement factors of Tennessee Code Annotated section 40-35-114 as they existed at the time of the sentencing hearing.

Based on its findings, the trial court sentenced Defendant as follows: For aggravated robbery, the trial court applied factor (1), prior history of criminal convictions or behavior, and sentenced Defendant to ten years. Tenn. Code Ann. § 40-35-114(1).

For theft of property over $500.00, the trial court applied factor (1), prior history of criminal convictions or behavior, and factor (9), use of a deadly weapon during the commission of the offense, and sentenced Defendant to two years. *Id.* §§ -114(1) and -114(9).

For count one, aggravated rape, the trial court applied factor (1), prior history of criminal convictions or behavior; factor (5), the victim was treated with exceptional cruelty; factor (6), the personal injuries sustained by the victim were particularly great; factor (7), the offense was committed to gratify Defendant's desire for pleasure or excitement; factor (10), Defendant had no hesitation about committing a crime when the risk to human life was high; and factor (16), the offense was committed under circumstances under which the potential for bodily injury to a victim was great. *Id.* §§ -114(1), -114(5), -114(6), -114(7), -114(10) and -114(16). The trial court sentenced Defendant to twenty-five years for this offense.

For count two, aggravated rape, the trial court applied factor (1), prior history of criminal convictions or behavior; factor (5), the victim was treated with exceptional cruelty; and factor (6), the personal injuries sustained by the victim were particularly great. *Id.* §§ -114(1), -114(5), and -114(6). The trial court sentenced Defendant to twenty-five years for the second count of aggravated rape.

For aggravated kidnapping, the trial court applied factor (1), prior history of criminal convictions or behavior; factor (5), the victim was treated with exceptional cruelty; factor (6), the personal injuries sustained by the victim were particularly great; and factor (9), use of a deadly weapon during the commission of the offense, and sentenced Defendant to twelve years. *Id.* §§ -114(1), -114(5), -114(6), and -114(9).

As a mitigating factor, the trial court considered the fact that Defendant confessed to the crimes and pleaded guilty. Tenn. Code Ann. § 40-35-113(13). In view of the fact that Defendant was apprehended within minutes of committing the offenses, however, the trial court afforded little, if any, weight to this mitigating factor. The trial court also rejected Defendant's request that the trial court consider the fact that he did not cause the victims serious bodily injury as a mitigation factor. *Id.* § -113(1). The trial court found that Defendant's actions certainly threatened serious bodily injury to the victims.

As required by the terms of Defendant's plea agreement, the sentences were ordered to run concurrently. This resulted in an effective sentence of twenty-five years.

Defendant now appeals the length of his sentence, alleging that (1) the trial court erroneously applied enhancement factors (10) and (16) to his sentence for count one aggravated rape, and (2) the trial court erred in failing to consider the fact that Defendant's actions did not cause serious bodily

injury as a mitigating factor. Tenn. Code Ann. §§ 40-35-114(10) and -114(16); Tenn. Code Ann. § 40-35-113(1). We note that Defendant questions the trial court's application of enhancement factor (16) to his sentence for the second count of aggravated rape. The record before us, however, shows that the trial court only applied factors (1), (5), and (6) to enhance Defendant's sentence for this offense, and this issue is therefore moot.

Defendant's brief also contains a general request that this Court review all issues relevant to the imposition of Defendant's sentences. However, Defendant presents no argument, authority or citations to the record related to these unspecified allegations. We thus conclude that these concerns have been waived pursuant to Rule 10 (b) of the Court of Criminal Appeals of Tennessee.

When a defendant challenges the length of his sentence, this Court conducts a *de novo* review based upon, *inter alia,* "the evidence received at trial and the nature and characteristics of the criminal conduct." *State v. Keen*, 996 S.W.2d 842, 843 (Tenn. Crim. App. 1999), *perm. to appeal denied* (Tenn. 1999); Tenn. Code Ann. §§ 40-35-210(b)(1) and (b)(4). When a defendant pleads guilty, as in this case, the guilty plea hearing substitutes for the trial "in that it allows the State the opportunity to present the facts underlying the offense." *Keen,* 996 S.W.2d at 843. Consequently, a transcript of the guilty plea hearing is necessary to conduct a proper review of Defendant's sentence. *Id.* at 844.

In this instance, Defendant did not provide a transcript of his guilty plea hearing. The facts and circumstances of Defendant's offenses are reflected only in the brief agency statement contained in the pre-sentence report. Yet, as reflected in its findings, the trial court specifically considered the evidence presented at the guilty plea hearing in determining Defendant's sentence, including the application of enhancement and mitigating factors. Because the transcript of the guilty plea hearing is omitted from the record, therefore, we must presume that the evidence not included in the record on appeal would have supported the imposition of Defendant's sentences had it been provided to this Court. *Keen*, 996 S.W.2d at 844. As a result, we must presume that the trial court's sentencing determinations are correct. *See State v. Smith,* 891 S.W.2d 922 (Tenn. Crim. App. 1994), *perm. to appeal denied* (Tenn. 1994); *State v. Oody*, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991), *perm. to appeal denied* (Tenn. 1991).

The brief facts of this case as gleaned from the agency statement in the pre-sentence report are as follows. The victims, D.H. and S.H., were leaving work at a Blockbuster Video Store when the Defendant, dressed in black and wearing a "black hood," approached the women and pointed a chrome Lorcin .380 semi-automatic pistol at them. (The victims will be referred to by their initials.) The pistol was unloaded, although the victims were not aware of this until their ordeal was over. Defendant ordered the women to open the safe, and Defendant put some money into a bag. He then motioned both women into the ladies' restroom but changed his mind and ordered S.H. to accompany him. Defendant warned D.H. to stay in the restroom. Defendant took S.H. to the southeast side of the store where he made her undress at gunpoint.

Defendant inserted the barrel of the pistol into S.H.'s vagina and raped her with the gun. He then went to the front of the store and retrieved a small plastic bag usually provided customers when they rented video tapes. After he constructed a make-shift condom, Defendant began to rape S.H. a second time. During this assault, Sergeant Ricky Morris of the Springfield Police Department drove into the store's parking lot on a routine inspection of the storefront. The Defendant saw the police car and fled the store through a back door.

The police officers, accompanied by a K-9 unit, searched the immediate area and apprehended Defendant when he ran from his hiding spot behind the video store. At the time of his capture, the police officers discovered a pistol, ski mask, prescription glasses and $746.26 in cash.

Both victims testified at Defendant's sentencing hearing. D.H. testified that she was overwhelmed with guilt because she could not prevent S.H.'s rape. She said that she had experienced difficulties working, and her emotional distress had affected both her husband and her children. At the time of the hearing, D.H. was still in counseling and on medication. S.H. testified that she, too, was on medication and seeing a therapist as a result of the incident. She has been unable to work and is suffering from depression.

Defendant did not testify at the sentencing hearing but did issue a statement that included an apology to the victims.

Defendant pleaded guilty to two Class A felonies, two Class B felonies and one Class E felony. As a Range I offender, Defendant is subject to a sentence of not less than one nor more than two years for the commission of a Class E felony, a sentence of not less than eight years nor more than twelve years for a Class B felony, and a sentence of not less than fifteen nor more than twenty-five years for a Class A felony. Tenn. Code Ann. § 40-35-112(a).

The presumptive sentence for Class B and Class E felonies is the minimum sentence if there are no mitigating or enhancing factors applicable. Tenn. Code Ann. § 40-35-210(c). If both enhancing and mitigating factors are present, the trial court must start at the minimum sentence in the range, enhance the sentence within the range as appropriate for the enhancement factors, and then reduce the sentence within the range as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e).

The presumptive sentence for a Class A felony is the midpoint of the range if there are no enhancement or mitigating factors. Tenn. Code Ann. § 40-35-210(c). If both enhancing and mitigating factors are present, the trial court must start at the midpoint of the range, enhance the sentence within the range as appropriate for the enhancing factors, and then reduce the sentence as appropriate for the mitigating factors. Tenn. Code Ann. § 40-35-210(e).

The weight placed on one factor by the trial court may vary from that assigned to another, and the legislature has specifically declined to assign a numerical value to mitigating and enhancement factors. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-210; *State v.*

*Boggs,* 932 S.W.2d 467, 475 (Tenn. Crim. App. 1996), *perm. to appeal denied* (Tenn. 1996). Even if the Defendant feels that the trial court improperly weighed the enhancement factors more heavily than the mitigating factor, the trial court's discretion will not be disturbed as long as the sentencing principles are adhered to and its findings are adequately supported by the record. *Id.* at 476; *State v. Hayes,* 899 S.W.2d 175, 185 (Tenn. Crim. App. 1995)*, perm. to appeal denied* (Tenn. 1995).

Defendant contends that the trial court erroneously considered factor (10) in determining the length of his sentence for count one aggravated rape. Factor (10) requires a showing that Defendant had no hesitation about committing the rape when the risk to human life was high. Tenn. Code Ann. § 40-35-114(10). Defendant argues that his actions in no way created a risk to human life because his gun was unloaded.

As charged against Defendant, aggravated rape is defined as the unlawful penetration of a victim by the defendant wherein the defendant uses force or coercion in the accomplishment of the rape, "and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon." Tenn. Code Ann. § 39-13-502(a)(1). Under this definition, the statute does not require that a defendant actually use the weapon during the rape, only that he possess it. *Manning v. State*, 883 S.W.2d 635, 640 (Tenn. Crim. App. 1994). Factor (10) may be used to enhance a sentence for aggravated rape if the use of the weapon during the crime involves a greater risk of harm than is contemplated by the aggravated offense's definition. *Id. See also State v. Crossman*, No. 01C01-9311-CR-00394, 1994 WL 548712 (Tenn. Crim. App.1994, Nashville, October 6, 1994) *perm. to appeal denied* (Tenn. January 3, 1995). The trial court found that the manner in which Defendant used the gun to rape S.H. was over and above what was necessary to establish the offense with which Defendant was charged, and impliedly found that the use of the gun during the rape created a higher risk of injury to the victim. Nonetheless, the record is too incomplete to ascertain whether the facts and circumstances surrounding the first count of aggravated rape did not warrant application of factor (10). Even were we to find that the trial court improperly used factor (10) to enhance Defendant's sentence, however, the remaining enhancement factors justify the imposition of the maximum sentence for count one aggravated rape.

The trial court also applied factor (16) to enhance Defendant's sentence for count one aggravated rape which requires a finding that the crime was committed under circumstances in which the potential for bodily injury to the victim was great. Tenn. Code Ann. § 40-35-114(16). Defendant contends that the gun was not a risk to human life because it was unloaded. Furthermore, Defendant argues, the gun barrel was not sharp or long enough to cause tissue damage or other bodily injury to the victim.

Factor (16) may be available to enhance a sentence for aggravated rape if supported by the record. *See e.g. State v. Kissinger*, 922 S.W.2d 482 (Tenn. 1996)(anal penetration can create the potential for bodily injury if supported by the record). Factor (16) has been applied "when the evidence shows harmful or physically threatened conduct which is 'clearly beyond what is necessary to prove the underlying offense.'" *State v. Williams*, 920 S.W.2d 247, 260 (Tenn. Crim. App. 1995), *perm. to appeal denied* (Tenn. 1996)(quoting *Crossman,* slip op. at 16).

Defendant was charged with intentional and unlawful sexual penetration, with force or coercion, by inserting the barrel of a handgun into the victim's vagina. "Sexual penetration," as relevant to this conviction, means an intrusion, however slight, of any object into the victim's genital opening. Tenn. Code Ann. § 39-13-501(7). Only the slightest penetration is needed to sustain a conviction. *McDonald v. State*, 512 S.W.2d 636 (Tenn. Crim. App. 1974), *cert. denied* (Tenn. 1974). *See also State v. Gibson*, 973 S.W.2d 231, 239 (Tenn. Crim. App. 1997), *perm. to appeal denied* (Tenn. 1998). It is clear from the sentencing hearing transcript and pre-sentence report that Defendant inserted the barrel of a .368 Lorcin semi-automatic pistol at least two inches into S.H.'s vagina. Based on the evidence presented at the sentencing hearing and guilty plea hearing, the trial court apparently found sufficient evidence of conduct beyond the slight penetration necessary to sustain Defendant's conduct to justify consideration of factor (16). The trial court found that Defendant's use of the gun during the rape presented a great potential for bodily injury to the victim. Based on the record before us, we cannot conclude that the trial court improperly used factor (16) to enhance Defendant's sentence for count one aggravated rape.

Defendant argues that the trial court erred in not considering the fact that his conduct neither caused nor threatened serious bodily injury as a mitigating factor. Tenn. Code Ann. § 40-35-113(1). Based on our review of the record, it is not clear whether application of this mitigating factor is warranted. However, even if we agree that this mitigating factor, to some degree, is applicable, we would accord it little weight and believe that Defendant's sentence is still appropriate.

The omitted transcript of the guilty plea hearing particularly hinders this Court's review of the enhancement and mitigating factors applied by the trial court in its sentencing determinations. Whether an enhancement factor is applicable is determined on a case by case basis and depends on the particular circumstances surrounding the case. *State v. Jones*, 883 S.W.2d 597, 601 (Tenn. 1994). With the limited record available on appeal, we cannot conclude that Defendant has carried his burden of proving the trial court's sentencing determinations improper.

## CONCLUSION

For the reasons discussed above, we find that Defendant has not overcome the presumption of correctness that attaches to the review of the trial court's sentencing determinations. Accordingly, we affirm the judgments of the trial court.

_____
THOMAS T. WOODALL, JUDGE