IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

OCTOBER 1997 SESSION

FILED

January 8, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | * | C.C.A. # 03C01-9701-CR-00002 |
| Appellee, | * | KNOX COUNTY |
| VS. | * | Hon. Mary Beth Leibowitz, Judge |
| LADANIEL RAY WILLIAMS, | * | (Aggravated Robbery) |
| Appellant. | * | |

For Appellant:

D'Artagnan H. (Chip) Perry
Attorney
1910 First Tennessee Plaza
800 South Gay Street
Knoxville, TN  37902

For Appellee:

John Knox Walkup
Attorney General and Reporter

Marvin E. Clements, Jr.
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

Randall E. Nichols
District Attorney General

Fred Bright and Willie Harper
Asst. District Attomeys General
City-County Building
Knoxville, TN  37902

OPINION FILED:_____

AFFIRMED

GARY R. WADE, JUDGE

The defendant, LaDaniel Ray Williams, entered a plea of guilt to aggravated robbery. The trial court imposed a Range I sentence of eight years. The single issue presented for our review is whether the trial court erred by denying the defendant's request to be classified as an especially mitigated offender. We affirm the judgment of the trial court.

On August 6, 1995, the victim, Melissa Lynn Sexton, had a flat tire at the intersection of Ailor Avenue and Twenty-first Street in Knoxville. The defendant, another male, and a female stopped their vehicle nearby and informed the victim that they would return to help. A little later, the defendant and a co-defendant, Eric Carter, returned in a different vehicle. The men offered to help find a replacement tire, placed the damaged tire in the back of their car, and drove away with the victim. Shortly thereafter, the defendant pulled out a weapon and robbed the victim of her jewelry and her money. The defendant then talked with the co-defendant about killing the victim before allowing her to get out of the car in the downtown Knoxville area. The victim obtained the license plate number and reported the description of the car to the police. The automobile was registered in the name of Kimberly Rheins, the girlfriend of the co-defendant. The victim selected the defendant from a photographic lineup.

Trial courts may classify a defendant as an especially mitigated offender under the following conditions:

> (a) (1)  The defendant has no prior felony convictions; and
>
> (2)  The court finds mitigating, <u>but not enhancement factors</u>.
>
> (b)  If the court finds the defendant an especially mitigated offender, the court shall reduce the defendant's

statutory Range I minimum sentence by ten percent (10%), or reduce the release eligibility date to twenty percent (20%) of the sentence, or both reductions. If the court employs both reductions, the calculation for release eligibility shall be made by first reducing the sentence and then reducing the release eligibility to twenty percent (20%).

* * *

(d) The finding that a defendant is or is not an especially mitigated offender is appealable by either party.

Tenn. Code Ann. § 40-35-109 (emphasis added).

While acknowledging that the defendant had turned himself in to police, blamed his actions on his addiction to crack cocaine, and had worked very hard to turn his life around, the trial court declined to classify the defendant as an especially mitigated offender, concluding that there were three enhancement factors:

(1) the defendant had a previous history of criminal convictions, i.e., a 1992 DUI offense. Tenn. Code Ann. § 40-35-114(1);

(2) that the defendant was a leader in the commission of the robbery involving a second robber. Tenn. Code Ann. § 40-35-114(2); and

(3) that the defendant treated or allowed the victim to be treated with exceptional cruelty. Tenn. Code Ann. § 40-35-114(5).

The defendant, thirty-one years of age, had been incarcerated almost a year by the time sentence was imposed. A 1985 graduate of Rule High School in Knoxville, the defendant has a son, LaDaniel, Jr., and a daughter, Talisha. He has maintained a twelve-year relationship with their mother, Alisha Neely. He has a sporadic employment history and reported no permanent address. During his period of pretrial incarceration, the defendant was befriended by Reverend Thomas Cook, who has served as chaplain at the Knox County Jail for over ten years. Reverend

3

Cook described the defendant as sincere and "very apologetic" for his crime. Reverend Cook's contact with the defendant began at the time of his incarceration and extended on a weekly basis until the time of his sentencing hearing.

Initially, the question of whether a defendant should be sentenced as an especially mitigated offender is discretionary with the trial court. State v. Braden, 867 S.W.2d 750, 762 (Tenn. Crim. App. 1993). The presence of an enhancement factor disqualifies a defendant from treatment as an especially mitigated offender. State v. Hicks, 868 S.W.2d 729, 731 (Tenn. Crim. App. 1993). A prior misdemeanor record, as opposed to a felony, may constitute a prior criminal history but does not disqualify a defendant from consideration. See Sentencing Commission Comments to Tenn. Code Ann. § 40-35-109.

The primary argument of the defendant is that he did not treat or allow the victim "to be treated with exceptional cruelty during the commission of the offense." Tenn. Code Ann. § 40-35-114(5). While acknowledging that his statement, "We ought to kill this bitch," frightened the victim, he argues that it was not exceptionally cruel because the elements of robbery involve "the intentional or knowing theft of property from the person of another by violence or putting the person in fear." Tenn. Code Ann. § 39-13-401(a). The defendant cites Manning v. State, 883 S.W.2d 635 (Tenn. Crim. App. 1994), in support of his argument. In Manning, the defendant pled guilty to four counts of aggravated rape, armed robbery, and aggravated kidnapping. While noting that other enhancement factors had been correctly applied, this court ruled that an abduction "in broad daylight" by an armed defendant did not support the application of the exceptional cruelty enhancement factor:

> While there is no doubt that the actions of the appellant
> were cruel, most of the facts relied upon in applying this

4

> enhancement factor to the appellant are the very facts
> which made these crimes aggravated under the law.

Id. at 639. A lengthy sentence, including the imposition of consecutive sentencing, was ordered in Manning. Id. at 641.

While these circumstances are similar with regard to the application of the exceptional cruelty enhancement factor, the defendant here still would not qualify as an especially mitigated offender. Clearly, he was a leader in the commission of the offense. That alone would disqualify the defendant from consideration. Moreover, his prior criminal history included not only a conviction for driving under the influence but also a time interval during which he was addicted to crack cocaine, an illegal substance; either "criminal convictions or criminal behavior" would support the application of this enhancement factor. Tenn. Code Ann. § 40-35-114(1). In our view, the trial court did not abuse its discretion by refusing to classify the defendant as an especially mitigated offender.

Accordingly, the judgment is affirmed.

_____
Gary R. Wade, Judge

CONCUR:

_____
David H. Welles, Judge

_____
Jerry L. Smith, Judge

5