IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs July 26, 2000

## STATE OF TENNESSEE v. ROBERT HALL WAYMAN

**Direct Appeal from the Criminal Court for Loudon County**
**No. 9431     E. Eugene Eblen, Judge**

_____

**No. E1999-02042-CCA-R3-CD**
**April 9, 2001**
_____

The defendant pled guilty to reckless vehicular homicide, simple possession of marijuana, and sale of a Schedule VI controlled substance.  The trial court sentenced the defendant to four years incarceration in the Tennessee Department of Correction (DOC), and the defendant appeals from this sentence, requesting probation.  We affirm the sentence of incarceration from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

Joe H. Walker, Public Defender; Alfred Lee Hathcock, Jr., Assistant Public Defender; and Rex A. Dale, Lenoir City, Tennessee, for the appellant, Robert Hall Wayman.

Paul G. Summers, Attorney General & Reporter; Clinton J. Morgan, Counsel for the State; J. Scott McCluen, District Attorney General; and Frank A. Harvey, Assistant District Attorney, for the appellee, State of Tennessee.

## OPINION

The defendant, Robert Hall Wayman, pled guilty in the Loudon County Criminal Court to charges of reckless vehicular homicide, simple possession of marijuana, and sale of a Schedule VI controlled substance. The trial court imposed a four-year sentence, per the agreement between the parties, and after a sentencing hearing imposed incarceration.  From this sentence of incarceration, the defendant appeals, requesting probation.  After careful review, we affirm the sentence.

### Background

In April 1997, the Loudon County grand jury indicted the defendant on a seven-count indictment that contained charges of reckless vehicular homicide and simple possession of a

Schedule VI controlled substance, marijuana. Also in that month, the grand jury returned a two-count indictment against the defendant that included a Class E felony count of sale of a Schedule VI controlled substance. On September 9, 1999, the trial court accepted negotiated plea agreements by which all but these specified charges were dismissed. Therefore, the defendant pled guilty as a Range I standard offender to:

    (1) vehicular homicide by recklessness, a Class C felony, at three years;
    (2) simple possession of marijuana, a Class A misdemeanor, at eleven months and twenty-nine days; and
    (3) sale of a Schedule VI controlled substance, a Class E felony, at one year.

For these convictions, the State recommended that the first two sentences run concurrently with each other and the third sentence run consecutively to the prior two, for an effective sentence of four years. These pleas were entered without an agreement as to the manner of service. At the sentencing hearing in December 1999, the trial court sentenced the defendant to four years in the DOC.

## Analysis

The defendant argues that the sentence was improper in that:

    (a) it was not imposed in accordance with the Criminal Sentencing Reform Act of 1989, consequently removing the presumption of correctness from our de novo appellate review; and
    (b) enhancing and mitigating factors were not weighed properly and the sentence is excessive under the considerations prescribed by Tennessee Code Annotated section 40-35-103.

This Court's review of the sentence imposed by the trial court is de novo with a presumption of correctness. See Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. See State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is de novo. See State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. See Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

    (1) [t]he evidence, if any, received at the trial and the sentencing hearing;
    (2) [t]he presentence report;
    (3) [t]he principles of sentencing and arguments as to sentencing alternatives;
    (4) [t]he nature and characteristics of the criminal conduct involved;
    (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and

(6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. See State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. See Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. See State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); see also Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. See Tenn. Code Ann. § 40-35-210(d); Lavender, 967 S.W.2d at 806; Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

If our review reflects that the trial court followed the statutory sentencing procedure, imposed a lawful sentence after giving due consideration and proper weight to the factors and principles set out under sentencing law, and the trial court's findings of fact are adequately supported by the record, then we may not modify the sentence even if we would have preferred a different result. See Fletcher, 805 S.W.2d at 789.

In the instant case, the trial court's conclusions and findings are as follows: "The Court feels this is a proper case for incarceration, and makes recommendations for the Special Needs Facility with the penitentiary." This finding does not indicate that the trial court weighed the considerations mandated by the Tennessee Sentencing Reform Act and does not indicate the court's specific factual findings garnered from any record from the plea agreement or from the sentencing hearings. Therefore, our review is de novo.

The record indicates that both parties agreed to the length of the sentence as part of the defendant's guilty plea. The only remaining matter, once the trial court accepted and imposed the recommended length of sentence, was the manner of service. The defendant challenges that manner of service, asserting that it was excessive under Tennessee Code Annotated section 40-35-103.

**De Novo Review**

At the onset, we acknowledge that the defendant pled guilty to three offenses, all of which are presumed to be favorable for alternative sentencing options in the absence of evidence to the contrary. See Tenn. Code Ann. § 40-35-102(6).

From our review of the record submitted, we note the following criminal history:

(1) conviction on 11/15/85 for driving with a revoked license;

(2) convictions on 9/21/85 for driving with revoked license, possession of marijuana;

(3) conviction on 1/18/83 for driving under the influence of an intoxicant;

(4) conviction on 1/18/82 for driving under the influence of an intoxicant and driving on revoked license; and

(5) conviction on 7/23/80 for driving under the influence of an intoxicant.

Further, we note that this defendant was arrested and pled guilty to sale of a Schedule VI controlled substance, and this offense was committed while he was on bond for reckless vehicular homicide and other charges.

Though this case involves a tragic and unfortunate death, such does not relieve a sentencing court from following the statutory guidelines. Death occurring from the offense does not in and of itself preclude alternative sentencing. See State v. Bingham, 910 S.W.2d 448, 454-55 (Tenn. Crim. App. 1995) (holding that death resulting from actions constituting reckless vehicular homicide does not bar an alternative sentence).

This defendant's record "evinces a clear disregard for the laws and morals of society," and thus he is not presumed a favorable candidate for alternative sentencing. See Tenn. Code Ann. § 40-35-102(5)-(6). However, the sentencing court must still consider an alternative sentence.

We have reviewed the entire record and the sentence de novo in this cause and see no need to alter the sentence imposed by the trial court. In the instant case, the defendant offers no persuasive argument for alternative sentencing. Although he apparently suffers from severe physical limitation, such conditions do not merit alternative sentencing, and we agree with the trial court's recommendation that the defendant be placed in the Special Needs Facility in DOC.

### Conclusion

We affirm the sentence as imposed by the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE