IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 17, 2001

## STATE OF TENNESSEE v. LENTONIO MARCEL SWANSON

**Direct Appeal from the Criminal Court for Davidson County**
**No. 98-C-2357      J.  Randall Wyatt, Jr., Judge**

---

**No. M2000-02899-CCA-R3-CD - Filed October 25, 2001**

---

The defendant appeals his consecutive sentences totaling 29 years for two counts of aggravated robbery and one count of aggravated assault.  He contends the trial court erred in setting the length of each sentence and in ordering the sentences to be served consecutively.  After a thorough review of the record, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Monte D. Watkins, Nashville, Tennessee, for the appellant, Lentonio Marcel Swanson.

Paul G. Summers, Attorney General and Reporter; Elizabeth T. Ryan, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Bret Thomas Gunn and Ana Lucia Escobar, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

On the morning of June 15, 1998, the defendant robbed Anthony Long at gunpoint as Long walked to work.  A few minutes later, the defendant also robbed Thomas Bell at gunpoint while Bell was using a pay telephone.  Bell was pursuing the defendant to get his license number when the defendant fired a gun at Bell.  A Davidson County jury convicted the defendant on two counts of aggravated robbery, a Class B felony, and one count of aggravated assault, a Class C felony.  The trial court sentenced the defendant, a Range I standard offender,  to twelve years for each aggravated robbery conviction and five years for the aggravated assault conviction.  The trial court ordered that the sentences be served consecutively to each other and to a prior conviction.  The only issue in this appeal is sentencing.

## STANDARD OF REVIEW

This court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence for these offenses shall be the minimum sentence within the applicable range. State v. Lavender, 967 S.W.2d 803, 806 (Tenn. 1998); State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Kelley, 34 S.W.3d 471, 479 (Tenn. Crim. App. 2000); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); Lavender, 967 S.W.2d at 806; Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

## LENGTH OF SENTENCES

At sentencing, the trial court found four enhancement factors should be applied to each of the defendant's sentences. They are factor 1 (the defendant has a previous history of criminal convictions or criminal behavior in addition to those necessary to establish the appropriate range), factor 8 (the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community), factor 10 (the defendant had no hesitation about

committing a crime when the risk to human life was high), and factor 16 (the crime was committed under circumstances under which the potential for bodily injury to the victim was great). *See* Tenn. Code Ann. § 40-35-114(1), (8), (10), (16). The state concedes, and we agree, that factors 10 and 16 are not applicable. If an enhancement factor is an essential element of the offense for which the defendant is convicted, it cannot be used to enhance the sentence. Tenn. Code Ann. § 40-35-114. Risk to human life and potential for bodily injury are inherent in the crimes of aggravated robbery and aggravated assault by using a deadly weapon. *See* State v. Nix, 922 S.W.2d 894, 903 (Tenn. Crim. App. 1995); State v. Sims, 909 S.W.2d 46, 50 (Tenn. Crim. App. 1995). We will, therefore, determine the sentence without a presumption of correctness.

The record supports the application of factors 1 and 8. Defendant had ten prior misdemeanor convictions, including convictions for weapons possession, drugs, evading arrest and assault.. He also had a prior felony conviction for the sale of cocaine. He previously violated two different probations. The application of these two enhancement factors weighs heavily. The defendant does not argue the trial court erred in failing to apply the mitigating factors submitted by him at sentencing, and we find that no mitigating factors are applicable. We conclude the sentences imposed by the trial court are justified based upon these two enhancement factors.

## CONSECUTIVE SENTENCES

The defendant contends the trial court's imposition of consecutive sentences did not reasonably relate to the severity of the offenses. We disagree.

Specific findings that an extended sentence is necessary to protect society and is reasonably related to the severity of the offenses are prerequisites to consecutive sentencing under the "dangerous offender" category in Tenn. Code Ann. § 40-35-115(b)(4). State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995). However, such specific factual findings are not required for the other categories of Tenn. Code Ann. § 40-35-115(b). State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999). Nevertheless, the general principles of sentencing require that the length of sentence be "justly deserved in relation to the seriousness of the offense" and "be no greater than that deserved for the offense committed." *Id.* at 460 (citing Tenn. Code Ann. §§ 40-35-102(1) and -103(2)).

The trial court found two factors justifying the imposition of consecutive sentences: (1) the defendant is a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood, and (2) the defendant has an extensive record of criminal activity. *See* Tenn. Code Ann. § 40-35-115(b)(1), (2). The presentence report states, and trial court noted, that the defendant, who was 25 years old at the time of sentencing, has never held a job. Regardless of the applicability of this factor, however, the defendant's criminal record is extensive. This alone is a sufficient basis for the imposition of consecutive sentences. *See* State v. Adams, 973 S.W.2d 224, 231 (Tenn. Crim. App. 1997).

We conclude the trial court did not err in ordering the sentences to be served consecutively. The aggregate sentence was justly deserved in relation to the seriousness of the offenses and was no greater than that deserved. This issue is without merit.

## CONCLUSION

Accordingly, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE