# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY 1998 SESSION

FILED

February 9, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | NO. 02C01-9706-CC-00208 |
| Appellee, | ) | |
| | ) | **HARDIN COUNTY** |
| **VS.** | ) | |
| | ) | **HON. C. CREED McGINLEY,** |
| **DONNIE RAY CARTER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Sentencing) |

**FOR THE APPELLANT:**

**GUY T. WILKINSON**
District Public Defender

**RICHARD W. DeBERRY**
Assistant Public Defender
117 North Forrest Ave.
P. O. Box 663
Camden, TN  38320-0663

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**CLINTON J. MORGAN**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**G. ROBERT RADFORD**
District Attorney General

**JOHN OVERTON**
Assistant District Attorney General
P. O. Box 484
Savannah, TN  38372-0484

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## **O P I N I O N**

The defendant, Donnie Ray Carter, pled guilty in the Circuit Court of Hardin County to the offense of aggravated assault and received a sentence of five (5) years. The sole issue in this appeal is whether the trial court erred in determining the length of the sentence. Finding no error, we AFFIRM the judgment of the trial court.

### **I**

Defendant was originally charged with the offense of attempted second degree murder. Defendant entered a guilty plea to the reduced charge of aggravated assault with the sentence to be determined by the trial judge. The trial judge found two (2) enhancement factors, no mitigating factors and sentenced the defendant to five (5) years incarceration in the Tennessee Department of Correction.

The sole issue presented by the defendant in this appeal is whether the trial court erred "in its use of enhancement factors and mitigating factors in setting the length of the appellant's sentences."

### **II**

The facts as stated by the prosecuting attorney to the trial court at the time of the guilty plea were as follows:

> On May 3 of this year, this Defendant was in an establishment here in the county called The County Line Tavern and he had been drinking. He had an altercation with an individual named David Austin, who had also been drinking. Mr. Austin approached this Defendant in regard to something that had occurred in the past. There was some discussion about that. And the victim, Mr. Austin, then struck a blow toward the Defendant Carter.

2

Carter, at that time, pulls out a knife and cuts up Mr. Austin cutting him with that knife several times. He runs from that location. He leaves that location and goes to Alabama, where he spends the night down there. And he is brought to the jail, I believe, the following day by someone and turned over to the authorities at the Hardin County Jail.

No testimony was introduced at the sentencing hearing. The pre-sentence report was admitted and revealed that the defendant had the following prior convictions: second degree felony assault in Alabama, two (2) Tennessee convictions for driving under the influence of an intoxicant, and two (2) Tennessee convictions for driving on a revoked license.

The trial court applied the following enhancement factors: (1) defendant had a history of prior convictions (Tenn. Code Ann. § 40-35-114(1)), and (2) a deadly weapon was employed in the commission of the aggravated assault (Tenn. Code Ann. § 40-35-114(9)). Defendant advocated the application of the following mitigating factors: (1) the defendant acted under strong provocation (Tenn. Code Ann. § 40-35-113(2)), and (2) the defendant committed the offense under such unusual circumstances that it was unlikely that a sustained intent to violate the law motivated his conduct (Tenn. Code Ann. § 40-35-113(11)). The trial court rejected both mitigating factors and sentenced the defendant to five (5) years in the Tennessee Department of Correction.

## III

The state contends the defendant has no standing to pursue this appeal since he waived appeal upon the entry of his guilty plea. The written plea of guilty was submitted on what appears to be a standard guilty plea form. The form contains the standard language used in plea agreements, including a waiver of appeal; however, there was no agreement in this case as to the sentence. The transcripts of the guilty plea hearing and the sentencing hearing do not reveal any discussion as to the defendant waiving his right to appeal his sentence.

This is a recurring problem. See State v. Jason Pickens, C.C.A. No. 02C01-9612-CC-00486, Hardin County (Tenn. Crim. App. filed January 23, 1998, at

3

Jackson).  We sincerely doubt that it was the intention of any of the parties that the defendant waive his right to appeal the yet to be determined sentence by the trial court.  It is suggested that the guilty plea form be modified in cases where there is a guilty plea but no agreement as to sentence.

Under these facts and circumstances, we do not find that the defendant waived his right to appeal the sentence imposed by the trial court.  The sentencing issue will be addressed on it merits.

## IV

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness.  Tenn. Code Ann. § 40-35-401(d).  This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).  If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*.  State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper.  Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

> (1) [t]he evidence, if any, received at the trial and the sentencing hearing; (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in the defendant's own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range.  *See* State v. Fletcher, 805 S.W.2d 785 (Tenn. Crim. App. 1991).  However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for

4

enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as its findings are supported by the record. State v. Moss, 727 S.W.2d 229 (Tenn. 1986); State v. Santiago, 914 S.W.2d 116 (Tenn. Crim. App. 1995); *see* Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); *see* Manning v. State, 883 S.W.2d 635 (Tenn. Crim. App. 1994).

## V

The defendant had numerous prior convictions; therefore, the court properly applied this enhancement factor. Tenn. Code Ann. § 40-35-114(1). Although the use of a deadly weapon is an element of the offense of aggravated assault under Tenn. Code Ann. §39-13-102(a)(1)(B) and (2)(B), aggravated assault can also be committed by one who assaults another and causes serious bodily injury. *See* Tenn. Code Ann. § 39-13-102(a)(1)(A) and (2)(A). Therefore, the use of a deadly weapon is not an essential element of an aggravated assault causing serious bodily injury and can be an enhancement factor. Accordingly, the use of a deadly weapon was properly considered by the trial court as an enhancement factor. Tenn. Code Ann. § 40-35-114(9).

As to the mitigating factors, the trial court specifically found that the defendant did not act under strong provocation. The trial court further rejected defendant's contention that it was unlikely that he had a sustained intent to violate the law. We see no reason to disturb these findings.

Having concluded that the trial court properly found two (2) enhancement factors and no mitigating factors, the trial court was authorized to sentence the defendant above the minimum. The judgment of the trial court is AFFIRMED.

5

_____
**JOE G. RILEY, JUDGE**


**CONCUR:**


_____
**JOE B. JONES, PRESIDING JUDGE**


_____
**PAUL G. SUMMERS, JUDGE**