# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
## AUGUST SESSION, 1997

FILED

October 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

GEORGE EDWARD RAYFORD, )
         )
   Appellee    )
         )
vs.         )
         )
STATE OF TENNESSEE,  )
         )
   Appellant   )

No. 02C01-9705-CR-00172

SHELBY COUNTY

Hon. W. FRED AXLEY, Judge

(Post-Conviction)

For the Appellant:

**RICHARD F. VAUGHN**
1928 - 100 N. Main
Memphis, TN 38103

For the Appellee:

**JOHN KNOX WALKUP**
Attorney General and Reporter

**ELIZABETH T. RYAN**
Assistant Attorney General
Criminal Justice Division
450 James Robertson Parkway
Nashville, TN 37243-0493

**WILLIAM GIBBONS**
District Attorney General

**MS. RHEA CLIFT**
Asst. District Attorney General
Criminal Justice Complex
Suite #301, 201 Poplar St.
Memphis, TN 38103

OPINION FILED: _____

AFFIRMED

**David G. Hayes**
Judge

## O P I N I O N

The appellant, George Edward Rayford, appeals as of right from the trial court's dismissal of his petition for post-conviction relief. Specifically, the appellant contends that he was deprived of the ability to enter intelligent and voluntary guilty pleas due to the ineffective assistance of counsel. After an evidentiary hearing, the Criminal Court of Shelby County concluded that the appellant failed to show by a preponderance of the evidence that he received ineffective assistance of counsel at his guilty plea hearing.

After a review of the record, we affirm the post-conviction court's dismissal of the appellant's petition.

On January 31, 1989, the appellant pled guilty to four counts of robbery with a deadly weapon, two counts of robbery, and one count of unlawful possession of a controlled substance with the intent to sell. Pursuant to a plea agreement between the appellant and the State, the trial court sentenced him to an effective sentence of forty years in the Department of Correction as a range II offender. In particular, the trial court imposed sentences of forty years for each robbery with a deadly weapon, ten years for each robbery, and ten years for possession with intent to sell. These sentences are concurrent but consecutive to the sentences for which the appellant was on parole at the time these crimes were committed.

The background of the case is as follows: On March 1, 1988, the appellant was released on parole after serving four years of a ten year sentence for two counts of simple robbery, three counts of armed robbery, one count of grand larceny, and one count of receiving stolen property. The series of

2

robberies to which the appellant pled guilty occurred between May 20 and May 31, 1988. The appellant was arrested on June 8, 1988, when he was apprehended, along with a co-defendant, for possession of cocaine.

In his petition for post-conviction relief, the appellant argues that ineffective assistance of counsel caused him to enter uninformed and involuntary guilty pleas. Specifically, with regard to the ineffective assistance of counsel claim, the appellant contends that his initial trial counsel, Tommy Jagendorf, failed to inform him that he had associated another attorney, Ronald Riggs, to assist in his defense. Second, the appellant alleges that Mr. Riggs did not conduct an adequate pre-trial investigation because he failed to interview all potential witnesses and failed to visit the crime scenes. Additionally, the appellant contends that trial counsel failed to keep him informed as to the developments in his cases.

At the post-conviction hearing, the State established that Mr. Riggs met with the appellant five or six times in jail to discuss the charges against him. The district attorney had informed Mr. Riggs that he would first proceed against the appellant on the Esquire Cleaners robbery charge. Trial counsel also testified that discovery was obtained from the State on all of the seven charges pending against the appellant. Mr. Riggs further testified that, because this charge was the first case pending against the appellant, he concentrated his efforts on this offense. The State's proof in this case included a positive identification of the appellant by the victim and the appellant's fingerprints found on the door to the cleaners. Trial counsel attempted to interview the victim of the Esquire Cleaners robbery, taped an interview he had with the appellant concerning that particular robbery, and investigated the scene of that particular crime. He further investigated the appellant's alibis and found that none could be substantiated. Additionally, Mr. Riggs obtained the appellant's elementary and high school

records and had the appellant evaluated by the Memphis Mental Health Center.

The State offered the appellant an effective forty year sentence for all charges against him. The record reflects that, if convicted, the appellant faced a sentence of "thirty-five years to life" on each of the four aggravated robbery charges. Consequently, based on the overwhelming evidence of the appellant's guilt and that a conviction would likely occur, Mr. Riggs advised the appellant that a forty year sentence was a "fair settlement" for all the cases, "considering what was at risk." The decision to plead rested with the appellant. During the guilty plea hearing, the trial court fully advised the appellant of his rights and informed him of the consequences of his pleas. Based upon the evidence presented to the trial court and the proof shown at the post-conviction hearing, the post-conviction court found that the appellant's pleas were knowing and voluntary. The post-conviction court concluded that the appellant's claims of ineffective assistance of counsel were not supported by a preponderance of the evidence.

On appeal, we must determine whether the evidence presented at the post-conviction hearing preponderates against that court's findings. In North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 164 (1970), the United States Supreme Court held, "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." In evaluating the knowing and voluntary nature of the appellant's pleas, this court must look to the totality of the circumstances. State v. Turner, 919 S.W.2d 346, 353 (Tenn. Crim. App. 1995), perm. to appeal denied, (Tenn. 1996). See also Chamberlain v. State, 815 S.W.2d 534, 542 (Tenn. Crim. App. 1990), perm. to appeal denied, (Tenn. 1991). We may consider any relevant evidence in the record of the proceedings, including post-conviction proceedings. Id. The evidence before the post-conviction court included the appellant's prior record, the overwhelming evidence against him,

4

and the appellant's exposure to lengthy multiple sentences.[1]  Based on the

totality of these circumstances, the post-conviction court concluded that the

appellant's guilty pleas were knowing and voluntary.

The record also supports the post-conviction court's finding that

appellant's counsel rendered effective assistance.  As noted earlier, on appeal,

this court is bound by the post-conviction court's findings of fact unless the

evidence in the record preponderates against those findings.  Davis v. State, 912

S.W.2d 689, 697 (Tenn. 1995).  See also Black v. State, 794 S.W.2d 752, 755

(Tenn. 1990).  In other words, in post-conviction proceedings, the appellant must

prove the allegations in his petition by a preponderance of the evidence.  Davis,

912 S.W.2d at 697.  Specifically, when a claim of ineffective assistance of

counsel is raised, the appellant bears the burden of showing that (a) the services

rendered by trial counsel were deficient and (b) the deficient performance was

prejudicial.  Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064

(1984); Cooper v. State, 849 S.W.2d 744, 746 (Tenn. 1993); Butler v. State, 789

S.W.2d 898, 899 (Tenn. 1990).  With respect to deficient performance, the court

must decide whether or not counsel's performance was within the range of

competence demanded of attorneys in criminal cases.  Baxter v. Rose, 523

S.W.2d 930, 936 (Tenn. 1975).  To satisfy the prejudice prong of the Strickland

test, the appellant must show a reasonable probability that, but for counsel's

ineffective performance, the result of the proceeding would have been different.

Strickland, 466 U.S. at 694, 104 S.Ct. at 2068.  Accordingly, when the appellant

seeks to set aside a guilty plea on the ground of ineffective assistance of

counsel, he must demonstrate a reasonable probability that, but for counsel's

deficiency, he would have insisted upon proceeding to trial.  Hill v. Lockhart, 474

U.S. 52, 59, 106 S.Ct. 366, 370 (1985); Bankston v. State, 815 S.W.2d 213, 215

---

[1]The post-conviction court noted that the appellant faced sentences which could have totaled 190 years.

(Tenn. Crim. App.), <u>perm. to appeal denied</u>, (Tenn. 1991); <u>Manning v. State</u>, 883 S.W.2d 635, 637 (Tenn. Crim. App. 1994).  The post-conviction court found that Mr. Riggs adequately prepared for and investigated the cases against the appellant.  Moreover, the trial court found that the performance of counsel was within the range of competence demanded of attorneys in criminal cases.

We conclude that the evidence in the record does not preponderate against the post-conviction court's findings.  Accordingly, the judgment of the post-conviction court dismissing the appellant's petition is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JERRY L. SMITH, Judge

_____
THOMAS T. WOODALL, Judge