IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1998 SESSION

FILED

September 3, 1998

Cecil W. Crowson
Appellate Court Clerk

STATE OF TENNESSEE,              )
                                 )        NO. 01C01-9707-CC-00255
        Appellee,                )
                                 )        MONTGOMERY COUNTY
VS.                              )
                                 )        HON. JOHN H. GASAWAY III,
JOHN WAYNE MANSELL,              )        JUDGE
                                 )
        Appellant.               )        (Delivery of Schedule VI Controlled
                                 )          Substance)

FOR THE APPELLANT:                       FOR THE APPELLEE:

RUSSELL A. CHURCH                        JOHN KNOX WALKUP
Assistant Public Defender                Attorney General and Reporter
109 South Second Street
Clarksville, TN 37040                    GEORGIA BLYTHE FELNER
                                         Assistant Attorney General
                                         Cordell Hull Building, 2nd Floor
                                         425 Fifth Avenue North
                                         Nashville, TN 37243-0493

                                         JOHN WESLEY CARNEY, JR.
                                         District Attorney General

                                         ARTHUR BIEBER
                                         Assistant District Attorney General
                                         204 Franklin Street, Suite 200
                                         Clarksville, TN 37040

OPINION FILED: _____

AFFIRMED

LEE MOORE,
SPECIAL JUDGE

## OPINION

The appellant, John Wayne Mansell, was indicted during the January, 1993, term of the Montgomery County grand jury for possession of a Schedule VI controlled substance for resale and unlawful possession of a deadly weapon. On April 30, 1997, after selection of a jury and commencement of trial, defendant entered a plea of guilty to the delivery of a Schedule VI controlled substance under Count Two of the indictment. Counts One and Three of the indictment were dismissed. The plea of guilty was subject to judicial sentencing. On June 9, 1997, a sentencing hearing was held. Defendant was sentenced to two (2) years with six (6) months of his sentence being served in jail and the balance on probation. Defendant was also fined $5,000.00.

For the reasons stated hereinafter, the judgment of the trial court is **affirmed**.

## SENTENCING- STANDARD OF REVIEW

This Court's review of the sentence imposed by the trial court is *de novo* with a presumption of correctness. Tenn. Code Ann. § 40-35-401(d). This presumption is conditioned upon an affirmative showing in the record that the trial judge considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). If the trial court fails to comply with the statutory directives, there is no presumption of correctness and our review is *de novo*. State v. Poole, 945 S.W.2d 93, 96 (Tenn. 1997).

The burden is upon the appealing party to show that the sentence is improper. Tenn. Code Ann. § 40-35-401(d) Sentencing Commission Comments. In conducting our review, we are required, pursuant to Tenn. Code Ann. § 40-35-210, to consider the following factors in sentencing:

(1) [t]he evidence, if any, received at the trial and the sentencing

2

hearing;  (2) [t]he presentence report; (3) [t]he principles of sentencing and arguments as to sentencing alternatives; (4) [t]he nature and characteristics of the criminal conduct involved; (5) [e]vidence and information offered by the parties on the enhancement and mitigating factors in §§ 40-35-113 and 40-35-114; and (6) [a]ny statement the defendant wishes to make in his own behalf about sentencing.

If no mitigating or enhancement factors for sentencing are present, Tenn. Code Ann. § 40-35-210(c) provides that the presumptive sentence shall be the minimum sentence within the applicable range. See State v. Fletcher, 805 S.W.2d 785, 788 (Tenn. Crim. App. 1991). However, if such factors do exist, a trial court should start at the minimum sentence, enhance the minimum sentence within the range for enhancement factors and then reduce the sentence within the range for the mitigating factors. Tenn. Code Ann. § 40-35-210(e). No particular weight for each factor is prescribed by the statute, as the weight given to each factor is left to the discretion of the trial court as long as the trial court complies with the purposes and principles of the sentencing act and its findings are supported by the record. State v. Moss, 727 S.W.2d 229, 238 (Tenn. 1986); State v. Leggs, 955 S.W.2d 845, 848 (Tenn. Crim. App. 1997); State v. Santiago, 914 S.W.2d 116, 125 (Tenn. Crim. App. 1995); see Tenn. Code Ann. § 40-35-210 Sentencing Commission Comments. Nevertheless, should there be no mitigating factors, but enhancement factors are present, a trial court may set the sentence above the minimum within the range. Tenn. Code Ann. § 40-35-210(d); see Manning v. State, 883 S.W.2d 635, 638 (Tenn. Crim. App. 1994).

In determining if incarceration is appropriate, a trial court may consider the need to protect society by restraining a defendant having a long history of criminal conduct, the need to avoid depreciating the seriousness of the offense, whether confinement is particularly appropriate to effectively deter others likely to commit similar offenses, and whether less restrictive measures have often or recently been unsuccessfully applied to the defendant. Tenn. Code Ann. § 40-35-103(1); see also State v. Ashby, 823 S.W.2d at 169.

A court may also consider the mitigating and enhancing factors set forth in Tenn. Code Ann. §§ 40-35-113 and 40-35-114 as they are relevant to the § 40-35-103 considerations. Tenn. Code Ann. § 40-35-210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). Additionally, a court should consider the defendant's potential or lack of potential for rehabilitation when determining if an alternative sentence would be appropriate. Tenn. Code Ann. § 40-35-103(5); State v. Boston, 938 S.W.2d at 438.

There is no mathematical equation to be utilized in determining sentencing alternatives. Not only should the sentence fit the offense, but it should fit the offender as well. Tenn. Code Ann. § 40-35-103(2); State v. Boggs, 932 S.W.2d 467 (Tenn. Crim. App. 1996). Indeed, individualized punishment is the essence of alternative sentencing. State v. Dowdy, 894 S.W.2d 301, 305 (Tenn. Crim. App. 1994). In summary, sentencing must be determined on a case-by-case basis, tailoring each sentence to that particular defendant based upon the facts of that case and the circumstances of that defendant. State v. Moss, 727 S.W.2d 229, 235 (Tenn. 1986).

## A.

The defendant contends the trial court erred by inappropriately using non-statutory enhancing factors in sentencing the defendant and imposed a sentence too harsh for the circumstances. At the sentencing hearing held on June 9, 1997, the trial court applied one enhancement factor finding that the defendant had a prior criminal history. The trial court found no applicable mitigating factors. The presentence report reflects two (2) convictions for attempt to commit the felony of burglary in 1968 and a conviction of burglary in 1969, along with a disorderly conduct conviction in 1967. The presentence report also indicated that there was a 1966 conviction for petit larceny. Although the convictions occurred in the 1960's, the finding of the trial court was that the defendant had a previous history of criminal

4

convictions or criminal behavior in addition to those necessary to establish the appropriate range was proper. There is no evidence that the trial judge used non-statutory enhancing factors in arriving at the appropriate sentence.

Although the trial court made no specific comments regarding mitigating factors, it is obvious from the record that the trial court found no applicable mitigating factors. Appellant contends in his brief that he was not a principal actor in the offense in question. This contention is not a mitigating factor unless it would have applied to Tenn. Code Ann. § 40-35-113(4) indicating that the defendant played a minor role in the commission of the offense. The record does not support this contention.

According to the presentence report, the appellant indicated that he was a marijuana user at the time of his arrest. He indicated in the presentence report that he was no longer a marijuana user. However, at his sentencing hearing he indicated that he had used marijuana over the memorial day weekend which date was between the date of the guilty plea and the sentencing hearing. The trial court sentenced the appellant to pay a $5,000.00 fine and to serve two (2) years. The trial court suspended the sentence to six (6) months and placed the appellant on probation for the balance of the sentence. Based upon a *de novo* review of the record, this Court is of the opinion that the sentence imposed by the trial court was appropriate. The credibility of the appellant regarding his use of marijuana was certainly poor. Lack of candor by an accused can result in the denial of an alternative sentence. In this case, however, the trial court imposed an alternative sentence. The trial court could have denied an alternative sentence due to the appellant's lack of candor. Instead, the court imposed a lenient sentence. The court was justified in requiring the appellant to serve a part of the sentence based upon his lack of candor.

_____

5

                                                        **LEE MOORE, SPECIAL JUDGE**

**CONCUR:**


_____
**JOE G. RILEY, JUDGE**


_____
**CURWOOD WITT, JUDGE**


### IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
### AT NASHVILLE


| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | C.C.A. No. 01C01-9707-CC-00255 |
| Appellee, | | |
| | ) | Montgomery County No. 31796 |
| vs. | ) | |

6

|                        |   |                                      |
|------------------------|---|--------------------------------------|
|                        | ) | (Delivery of Schedule VI Controlled  |
|                        | ) |   Substance)                         |
| **JOHN WAYNE MANSELL,** | ) |                                      |
|                        | ) | **AFFIRMED**                         |
| Appellant.             | ) |                                      |

## JUDGMENT

Came the appellant, John Wayne Mansell, by counsel, and the state, by the Attorney General, and this case was heard on the record on appeal from the Circuit Court of Montgomery County; and upon consideration thereof, this Court is of the opinion that there is no reversible error in the judgment of the trial court.

It is, therefore, ordered and adjudged by this Court that the judgment of the trial court is **AFFIRMED**, and the case is remanded to the Circuit Court of Montgomery County for execution of the judgment of that court and for collection of costs accrued below.

It appears that appellant is indigent. Costs of appeal will be paid by the State of Tennessee.

Per Curiam

Lee Moore, Special Judge
Joe G. Riley, Judge
Curwood Witt, Judge